**Douglas RAY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 9848.

Missouri Court of Appeals,
Springfield District.

Dec. 5, 1975.

**480**

Devon F. Sherwood, Springfield, for appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

Movant appeals from a denial of his motion for postconviction relief filed pursuant to Rule 27.26 V.A.M.R. In the original action, tried in 1974, movant was charged with murder in the first degree, § 559.010 V.A.M.S. He was tried under the Second Offender Act, § 556.280 V.A.M.S. A jury found him guilty of manslaughter, § 559.-070 V.A.M.S., and the court sentenced him to imprisonment for 10 years.

The trial court held a hearing on the motion. Movant and his appointed counsel, who represents him on this appeal but did not represent him in the original action, attended that hearing and introduced evidence. The trial court, after making certain findings of fact and conclusions of law, denied the motion.

■ The first of movant's three appellate contentions reads:

"Appellant's right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the Constitution of the United States was denied by the failure of his appointed attorney to secure the testimony of witness Wayne Early for appellant's defense, since the testimony could have been secured and that testimony would have tended to prove the defense of accident."

This "point relied on" does not comply with Rule 84.04(d) V.A.M.R. for the reason that it fails to state "briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." *State v. Warren,* 469 S.W.2d 662, 663[3] (Mo.App. 1971); *Bensinger v. California Life Ins. Co.,* 459 S.W.2d 511, 513[1] (Mo.App.1970).

■ However, a gratuitous review of the briefs and transcript, in light of the point defectively stated, discloses its lack of merit.

Prior to the trial, movant's counsel had interviewed Early three times and had examined a statement Early had given the state. He had discussed with movant the matter of calling Early as a witness and they had agreed that it was inadvisable.

This court has reviewed the contents of the statement given by the uncalled witness Early. As in *Monteer v. State,* 506 S.W.2d

25, 26[5] (Mo.App.1974), it is clear that movant's trial counsel had a reasonable basis to determine, as a matter of strategy, that the testimony of Early would have been harmful to his client.

■ "[A]n appellate court will not review or reassess by hindsight the judgment of defense counsel on questions of strategy, trial tactics, or trial decisions." *Cheek v. State,* 459 S.W.2d 278, 281[2] (Mo.1970). Choice of witnesses is a matter of trial strategy. *Crow v. State,* 514 S.W.2d 13, 16[5] (Mo.App.1974).

Movant's first contention has no merit.

Movant's second contention focuses on his 1960 conviction in the state of Nevada for the crime of robbery. Though the instant record does not specifically so disclose, the inference is that the Nevada conviction was the basis for invoking the Second Offender Act, § 556.280 V.A.M.S. Movant asserts that the Nevada conviction was tainted by reason of ineffectiveness of movant's Nevada counsel. Movant contends the trial court erred in holding that his Nevada counsel was effective and that the Nevada conviction was valid. This contention has no merit.

An authenticated copy of the records of the Nevada proceeding, including the "judgment and sentencing" therein, shows that on January 7, 1960, movant pleaded guilty to a charge of robbery and received a sentence of not less than five years nor more than six years. The record also reflects the presence of the defendant at the time of "passing judgment and sentence" and the presence of "his counsel, Loyal R. Hibbs."

Whether or not there was a duty [1] on the Missouri court to hear evidence making such an attack upon the validity of the Nevada conviction, which was regular on its face, the trial court did conduct a hearing on the issue. At that hearing movant testified that he had pleaded guilty to the Nevada charge, that he had counsel at that time "if that is what you want to call it," but that he had had no "discussions" with him. He admitted his guilt of the Nevada offense and the serving of his sentence therefor.

With respect to the Nevada conviction, the trial court found "as a fact that (movant) did have counsel and did have effective assistance of counsel at the time (movant) entered such plea."

■ The allegations of a Rule 27.26 motion do not prove themselves. *Ward v. State,* 451 S.W.2d 79, 81[1] (Mo.1970). One seeking relief under Rule 27.26 has the burden of proving his grounds for relief by a preponderance of the evidence. Rule 27.-26(f). *Collins v. State,* 450 S.W.2d 186, 187[1] (Mo.1970). The trial court has the right and duty to pass upon the credibility of the witnesses and the scope of appellate review is limited to a determination of whether the findings, conclusion, and judgment of the trial court are clearly erroneous. *Garrett v. State,* 503 S.W.2d 45, 47[1] (Mo.App.1973).

■ The trial court had a right to find, as it did, that movant's testimony was unworthy of belief and that he failed to carry the burden of proof on the issue of ineffective assistance of his Nevada counsel. Such finding was not clearly erroneous. *State v. Thomas,* 452 S.W.2d 160, 163[7, 8] (Mo. 1970); *Garrett v. State,* supra.

Movant's third contention is that the trial court erred in not finding that movant was denied due process of law in that his appointed counsel gave movant erroneous advice concerning former jeopardy and thereby impaired his right to appeal.

The contention is sound.

---

1. See *State v. Johnson,* 504 S.W.2d 23, 28[5] (Mo.1973); *People v. Gavin,* 50 Mich.App. 743, 213 N.W.2d 758, 759[2, 3] (1973); *People v. Hendrick,* 52 Mich.App. 201, 217 N.W.2d 112, 115[1] (1974); *Brown v. United States,* 483 F.2d 116, 121[3, 4] (4th Cir. 1973); *Clark v. Gladden,* 247 Or. 629, 432 P.2d 182, 185–187[4–11] (1967); *Brown v. State,* 198 Kan. 527, 426 P.2d 49[6, 7] (1967).

At the original trial on the charge of first degree murder movant was represented by attorney L. The jury convicted him of manslaughter, and the court sentenced him to a term of 10 years. The punishment was the maximum permitted for manslaughter, § 559.140 V.A.M.S. Movant did not file a motion for a new trial.

At the Rule 27.26 hearing movant adduced evidence to the following effect: After the return of the verdict, and during the period the court had granted for filing a motion for new trial, attorney L discussed with movant the advisability of filing such a motion. He told movant that filing a motion for a new trial was a necessary step in prosecuting an appeal. He also told him that if the motion for new trial were granted, or if an appeal succeeded, movant could be retried on the original charge of murder.

Movant was also told by attorney L that in the latter's opinion "no errors had been committed during the trial" and there was no valid basis for seeking a new trial.

■ This court need not and cannot determine, from the instant record, whether there was any error in the original trial. Movant does not have the burden of demonstrating that there was such error. *Ball v. State,* 479 S.W.2d 486, 488 (Mo.1972).

■ In telling movant that a new trial entailed re-exposure to the charge of first degree murder, attorney L gave erroneous advice. Having been found guilty only of manslaughter, movant had been "implicitly" acquitted of the greater offense of first degree murder and he could not be retried for murder. *Price v. Georgia,* 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).

■ "Significant misleading statements of counsel can rise to a level of denial of due process of law and result in a vitiation of the judicial proceeding because of ineffective assistance of counsel." *Cooks v.*

*United States,* 461 F.2d 530, 532[3] (5th Cir. 1972). See also *Kelsey v. United States,* 484 F.2d 1198 (3rd Cir. 1973).

Movant testified that he did not file a motion for new trial because he did not want to be retried for murder.

The trial court found as a fact that attorney L did tell movant that "if he was retried he could be retried on the original charge." However, the trial court also found "movant knowingly and understandingly waived his right to file a motion for new trial and to appeal, and the erroneous advice given him by his counsel that if the motion for new trial was sustained or if on appeal the judgment was reversed that he could be retried for first degree murder had no part in movant's decision not to file a motion for new trial and to accept the verdict of the jury, but his decision was motivated by the fact that he thought he had received more than he thought he was entitled to by the jury and that the verdict was entirely justified."

This court holds that the erroneous advice given movant by attorney L invalidated movant's waiver of his right to file a motion for new trial and his right to appeal. There was no waiver because the relinquishment of those rights was not a "knowing"[2] one. It may well be, as the trial court found, that movant was pleased with the verdict in that it constituted an implicit acquittal of the charge of murder. It is also true that at the time he desisted from filing a motion for new trial he had not yet been sentenced to the maximum punishment of 10 years but he would have known of that sentence in deciding whether to file a notice of appeal.

A motion for new trial is a basic step in the process of perfecting an appeal in this state. Rules 27.20 and 28.02 V.A.M.R.

---

**2.** " 'Waiver' is a vague term used for a great variety of purposes, good and bad, in the law. In any normal sense, however, it connotes some kind of voluntary knowing relinquishment of a right." *Green v. U. S.,* 355 U.S. 184, 191, 78 S.Ct. 221, 226, 2 L.Ed.2d 199, 206 (1957).

■ Movant, as an indigent defendant, was entitled to effective assistance of counsel, and such right applies to all critical stages in the proceedings. *Walker v. State,* 511 S.W.2d 859 (Mo.1974). The prosecution of an appeal, including the preparation of a motion for new trial as a predicate therefor, is such a stage. *Nicholson v. State,* 524 S.W.2d 106, 111 (Mo. banc 1975); *Ball v. State,* supra.

■ The ultimate issue is whether the conduct of attorney L, in giving movant the erroneous advice, had the effect of depriving movant of his right to a fair trial. *Johnson v. State,* 516 S.W.2d 500 (Mo.App. 1974); *Cook v. State,* 511 S.W.2d 877 (Mo. App.1974).

Though the trial court found that the erroneous advice was given, it also found that it played no part in movant's decision not to pursue his after-trial remedies. There was no evidence that it had no such causal effect. The only evidence was the other way. Although the matter of credibility of witnesses is an issue for the trial court to determine, *Campbell v. State,* 515 S.W.2d 453 (Mo.1974), the trial court, having found that the erroneous advice was in fact given, could not with consistency find that movant "knowingly and understandingly" waived his right to file a motion for new trial and to appeal. The latter finding, which it made, is "clearly erroneous" and prompts appellate intervention. Rule 27.26(j).

In deciding whether to file a motion for new trial, movant and his appointed counsel doubtless considered many factors. It is most unlikely that any factor would have been so controlling as that which was the subject of the mis-advice.[3] Its coercive effect is self-evident. The penalty for murder, § 559.030 V.A.M.S., exceeds that for manslaughter. Although the mis-advice may not have been the only factor which governed movant's post-verdict decisions, it could hardly have failed to contribute thereto. A waiver so induced from one so misinformed is no waiver.[4]

Since movant did receive the maximum sentence for manslaughter, he had little, if anything, to lose by seeking a new trial. He had the right to make his decision while free of the chilling influence of the mis-advice. The disposition of this appeal will accord him that right.

In upholding the validity of movant's third contention, this court need not set aside the verdict and it does not do so. Movant remains convicted of manslaughter. "[T]he appropriate remedy in cases where the right to an appeal has been unconstitutionally abridged, is to vacate the sentence and order the case remanded with directions to permit the appellant to file a motion for new trial." *Nicholson v. State,* supra, 524 S.W.2d at 111[4].

The judgment of the trial court is reversed and the cause remanded with directions to vacate the sentence and judgment and to permit movant to file a motion

3. "To be charged and to be subjected to a second trial for first-degree murder is an ordeal not to be viewed lightly. Further, and perhaps of more importance, we cannot determine whether or not the murder charge against petitioner induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence." *Price v. Georgia,* 398 U.S. 323, 331, 90 S.Ct. 1757, 1762, 26 L.Ed.2d 300, 306 (1970).

Footnote 10 on that page reads: "There is a significant difference to an accused whether he is being tried for murder or manslaughter. He has reason for concern as to the consequences in terms of stigma as well as penalty. He must be prepared to

meet not only the evidence of the prosecution and the verdict of the jury but the verdict of the community as well."

4. The following language appears in *Newland v. Haynes,* 445 F.2d 267, 268 (8th Cir. 1971); "There can be no question that an indigent accused is constitutionally entitled to counsel to represent him in his appeal from a state court conviction. *Swenson v. Bosler,* 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The only question in this case is whether or not Newland's waiver of his right to appeal was *knowingly, voluntarily and intelligently made.*" (Emphasis added)

for new trial, and for further proceedings appropriate thereto consistent herewith.

All concur.