Thomas EDWARDS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39469.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 18, 1978.

Robert C. Babione, Public Defender, Michael P. David, Asst. Public Defender, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto and Nanette K. Laughrey, Asst. Attys. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

Movant Thomas L. Edwards (hereafter defendant) was found guilty and sentenced to six years' imprisonment for second-degree burglary. At that time defendant waived his right to file a motion for new trial and appeal and pled guilty to other charges of tampering with a motor vehicle and three separate charges of felonious stealing. The trial court imposed, concurrently with the burglary sentence, a five-year sentence on the tampering charge and a six-year sentence on each stealing charge.

Defendant has now appealed the denial of his Rule 27.26 motion without an evidentiary hearing. His allegations of error concern his attorney's stated opinion that he "would" receive consecutive sentences on the four other charges if he did not waive his right to move for a new trial and appeal on the burglary charge. Defendant contends this statement threatened or misled him, thereby coercing waiver of his appeal and his guilty pleas. Defendant seeks to withdraw his waiver of appeal and his guilty pleas, or alternatively, to remand the case for an evidentiary hearing.

■ A defendant may voluntarily waive his right to file a motion for new trial and appeal. The right should not be deemed waived unless the record, the acts of defendant and all the circumstances are inconsistent with any other interpretation. State v. Harmon, 243 S.W.2d 326[3] (Mo. 1951). We do not hesitate, however, to hold a defendant waives his right to appeal where the intention to voluntarily waive appears in the record. Harmon, supra, at [4, 5].

Defendant's reliance on Ray v. State, 532 S.W.2d 478 (Mo.App.1975) to support his contention that his attorney's statement was inconsistent with a voluntary waiver is misplaced. In Ray, supra, at [9], the court

noted significant misleading advice of counsel may constitute denial of due process of law and vitiate judicial proceedings. The distinguishing characteristic of Ray was counsel's clearly erroneous advice that the defendant could be retried for murder on a new trial after a successful appeal from a manslaughter conviction. Here, counsel's advice was not erroneous because defendant could have received consecutive sentences.

■ Defendant's counsel had a duty to advise him as to the range of punishment and to give his judgment as to the possible extent of punishment. Smith v. State, 513 S.W.2d 407[3] (Mo.1974). To attack the voluntary and knowing character of his waiver, defendant must show his counsel's advice fell below the range of competence demanded of attorneys in criminal cases. Counsel's alleged use of the word "would" in giving his judgment as to the extent of possible punishment met his duty under Smith. We so held in Shepherd v. State, 540 S.W.2d 619[2] (Mo.App.1976).

The trial court found the transcript indicated defendant's intention to knowingly and voluntarily waive his right to file a motion for new trial and appeal. Before pleading guilty defendant acknowledged he understood the effect of this waiver:

THE COURT: You believe you understand what the state's recommendation is and the proceedings we are going through?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you have any questions you want to put to Mr. Bell before I accept this waiver to file a motion for new trial?

THE DEFENDANT: Does this waiver mean that I cannot file for a new trial at no time whatsoever?

MR. BELL: Yes.

THE DEFENDANT: That is all.

THE COURT: You are telling the Court you are satisfied and you feel that Mr. Bell has served you well as your attorney . . . ?

THE DEFENDANT: Yes.

■ Defendant's contention that his attorney's comments rendered his guilty pleas

involuntary is without merit. Counsel's alleged use of the word "would" in giving his opinion as to the range of possible punishment was not improper. His advice was not erroneous because the court in its discretion could have imposed consecutive sentences. *State v. Baker*, 524 S.W.2d 122[7] (Mo.1975). Defendant has not shown counsel's advice fell below the level of competence demanded in criminal cases.

█ The court correctly dismissed defendant's Rule 27.26 motion without an evidentiary hearing. To qualify for an evidentiary hearing, defendant's motion must raise matters not refuted by the records in the trial court. *Haliburton v. State*, 546 S.W.2d 771[1] (Mo.App.1977). Defendant's allegation of coercion is refuted by his responses to the court's questions. Defendant stated (1) he directed his counsel to enter the guilty pleas, (2) he was not forced to enter a plea of guilty, (3) he understood the range of punishment, (4) that the court was not bound by the state's recommendations and (5) understood the nature of the rights he was waiving.

Affirmed.

SMITH and McMILLIAN, JJ., concur.