Charles TATE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 45512.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 20, 1984.

Robert Jackson Maurer, Public Defender, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Movant was convicted, after a jury trial, of murder in the first degree and robbery in the first degree by means of a dangerous and deadly weapon. He was sentenced to concurrent terms of imprisonment for life and ten years, respectively. His convictions were affirmed on direct appeal in *State v. Tate*, 543 S.W.2d 514 (Mo.App. 1976). Movant then filed this Rule 27.26 motion to vacate the sentences. After an evidentiary hearing, the trial court vacated movant's sentence for robbery but denied his motion to vacate the sentence for murder. Movant appeals the trial court's denial of his motion claiming ineffective assistance of counsel at trial and on direct appeal. We affirm.

Movant first contends that he was denied effective assistance of counsel because of his lawyer's failure to interview a State's identification witness prior to trial.

◼ At his Rule 27.26 motion, movant failed to adduce evidence that this alleged omission of counsel resulted in a substantial deprivation of movant's right to a fair trial. *See Evans v. State*, 639 S.W.2d 648 (Mo.App.1982). He therefore fails the two-part test for relief on a claim of ineffective assistance of counsel set forth in *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979). Movant's first contention is denied.

◼ Movant next contends that his counsel on direct appeal was ineffective. On direct appeal, movant alleged trial error in refusing a proffered defense instruction. Movant's counsel on appeal failed to set out the instruction in the argument portion of his brief as required by Rule 84.04(e). This court, therefore, limited its review of

that point to the applicability of the "plain error" rule. *State v. Tate*, 543 S.W.2d at 515.

Movant's contention is beyond the scope of a Rule 27.26 motion. *Murphy v. State*, 636 S.W.2d 699, 701 (Mo.App.1982); *see also Morris v. State*, 603 S.W.2d 938 (Mo. banc 1980). Point II is denied.

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.