**Roger Dean GEIGER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14117.**

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 31, 1985.

Pete E. Carter, Pearson & Carter, Salem, for movant-appellant.

William L. Webster, Atty. Gen., Thomas Carter II, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Upon a trial by the court, the movant was found guilty upon each of two counts of murder in the second degree, § 565.004, RSMo 1978, now repealed. He was sentenced to imprisonment for life under each count, the terms to run concurrently. He did not appeal. By his motion under Rule 27.26, he seeks to have the sentences vacated and the cause remanded to permit him to file a motion for a new trial. For a discussion of this remedy see *Ray v. State*, 532 S.W.2d 478 (Mo.App.1975). He appeals from the denial of that motion.

The very sketchy background for the motion, which is presented by the record, follows. The movant was initially charged with two counts of capital murder, § 565.-001, RSMo 1978, now repealed. His only viable defense was a psychiatric defense. His counsel received reports from three psychiatrists who examined the movant at his behest. One was apparently favorable to the movant. The other two psychiatrists concluded the movant was responsible for his actions, as did the psychiatrist who examined on behalf of the state.

After the two reports unfavorable to movant had been received, but before they were available to the state, the movant and the state reached an agreement. The movant would waive a trial by jury. The state would reduce the charges to murder in the second degree. On June 11, 1981, an amended information was filed so charging the movant. On June 23 and 24, 1981, the movant was tried upon that amended information by the court. The essential issue was the mental responsibility of the movant. The evidence included the testimony of one psychiatrist on behalf of the state and one psychiatrist on behalf of the movant. As noted, the defendant was found guilty. On August 10, 1981, the movant was sentenced to concurrent life terms. That day the movant and his counsel discussed whether or not an appeal should be taken. As a result of that discussion, the movant agreed that he should not and would not appeal.

■ By his motion, the movant alleges that agreement was tainted because it resulted from erroneous legal advice by his counsel. He relies upon the rationale of cases such as *Ray v. State*, supra. His sole factual allegation is that his counsel advised him an appeal "would only lead to the death penalty." He unequivocally testified counsel advised him that if upon a retrial he was found guilty, he would automatically get the death penalty. This, he said, was the reason he agreed not to appeal. He alleges this advice to have been deceitful. The trial court found movant's testimony to be not credible. This rejection was within the province of the trial court and is a basis for affirmance of the judgment. *Wilson v. State*, 587 S.W.2d 343 (Mo.App.1979).

The movant's vague allegations that his counsel acted from an improper motive are totally devoid of evidentiary support. The record forms the basis from which it can be readily concluded movant was skillfully represented by great effort of diligent counsel.

To accord movant's claim for relief full consideration, it is proper to consider an issue developed by the testimony of his counsel. That testimony included the following. He considered the agreement resulting in the reduction of the charges to have been most favorable to the movant. Upon a retrial, additional evidence would be available to the state. In the post-sentencing discussion, the movant was concerned if an appeal was successful, whether or not, upon retrial, he could be charged with capital murder. Counsel advised him

that if the jury waiver agreement was followed, this would not be possible. If, however, the movant withdrew his waiver of a jury trial, the state could make an argument to support refiling the charges of capital murder.

Even if this was the advice the movant had reference to, his claim for relief is unfounded. It is not necessary to consider in depth or to judicially determine the validity of that argument that could be made by the state, referred to by counsel. The success of such an argument has been assumed by the Supreme Court in a footnote. "If the state court decides to allow withdrawal of the plea, the petitioner will, of course, plead anew to the original charge on two felony counts." *Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971). Cf. *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). Also see *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); LaFave & Israel—Criminal Procedure § 20.5(e).

■ Counsel also advised the movant if he was retried upon the charges of murder in the second degree, it was possible he could receive consecutive life sentences. This proposition involves the limitation upon punishment upon retrial imposed by the doctrine of vindictiveness as enunciated in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). That doctrine and its limitations need not be further considered. The record does not establish the limitation would be applicable. See LaFave & Israel—Criminal Procedure, supra. Decisively, the testimony of the movant established this advice played no part in his decision not to appeal. See *Brown v. Haynes*, 385 F.Supp. 285 (W.D. Mo.1974). The trial court did not err. *Edwards v. State*, 569 S.W.2d 779 (Mo.App. 1978). The judgment is affirmed.

PREWITT, C.J., CROW, P.J., and FLANIGAN, J., concur.