James D. COX, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 37349.

Missouri Court of Appeals,
Western District.

May 13, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 26, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Sean D. O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and PRITCHARD and TURNAGE, JJ.

TURNAGE, Judge.

James Cox filed a motion under Rule 27.26 seeking to vacate the judgment and sentence imposed upon him for robbery in the first degree and possession of a controlled substance. The court entered an order of dismissal on the ground that the motion did not state facts upon which relief could be granted. Affirmed.

Cox filed a pro se petition for habeas corpus, but later amended this to a motion under Rule 27.26. Counsel was appointed and filed an amended motion. The ground for relief in all of the motions was that the Board of Probation and Parole had changed its rules so that Cox was no longer eligible for release under a six-twelfth release program. The release program under the six-twelfth rule was alleged to be a relatively certain release based on a recommendation to the governor for commutation of sentence. The new program is based on release by administrative parole which is granted in the discretion of the board. Cox contended in his motions that he was entitled to remain under the gubernatorial commutation program rather than being placed under the administrative parole program.

Based on the allegations of the motion the court held the motion did not state a cause of action upon which relief could be granted because it did not attack the validity of the judgment or sentence.

On appeal Cox first contends that the court erred in denying relief without a hearing because his guilty pleas were involuntary because based upon the assumption that the rules then in effect for release would be continued. The difficulty with this contention is that it was not presented to the trial court and issues which were not raised in the trial court may not be considered on appeal. *Anderson v. State,* 647 S.W.2d 883, 884[1, 2] (Mo.App.1983).

Cox next contends he was entitled to have the same release program continued from the time of his sentencing until his release. The difficulty with this contention is that it does not make any attack on the conviction and sentence. Rule 27.26(b). Proceedings under Rule 27.26 must be directed to defects which led to the original sentence. *Brauch v. State,* 653 S.W.2d 380, 381[1] (Mo. banc 1983). Cox does not attack his judgment and sentence on any ground which would call into question the validity of his sentence, but alleges only a change of the release program. This was a change made by the Board of Probation and Parole and has no bearing on the validity of Cox's conviction or sentence. For that reason the motion failed to state any facts upon which relief could be granted under Rule 27.26.

The judgment is affirmed.

All concur.