Kevin Dale **MALLETT**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 14624.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 23, 1986.

Kenny C. Hulshof, Asst. Public Defender, Jackson, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

Kevin Dale Mallett ("movant") appeals from a judgment denying—without an evidentiary hearing—his motion under Rule 27.26, Missouri Rules of Criminal Procedure (17th ed. 1986), to vacate his conviction of robbery in the first degree, § 569.-020, RSMo 1978, for which he is serving a 10–year prison sentence. Movant's sole assignment of error is:

> "The lower court erred in denying [movant] an evidentiary hearing on his 27.26 motion because [movant] has alleged facts not refuted by the record and which would warrant relief in that [movant] did not make a knowing, voluntary and intelligent waiver of his right to a direct appeal of his conviction for first degree robbery."

The record furnished us establishes that movant was charged by information with robbing a service station employee of $932.92 on December 8, 1983, while armed with a deadly weapon. On March 2, 1984, a jury returned a verdict finding movant guilty as charged, and assessing punishment at 10 years' imprisonment. An entry on the "docket sheet," immediately following the acceptance of the verdict, states:

> "Defendant requests Pre-Sentence Investigation Report be waived. Court advises Defendant to delay request until March 13, 1984, to have time to confer with his Counsel."

On March 9, 1984, a week after the verdict was returned, movant's court-appointed counsel, Blair Buckley, Jr., who had represented movant at trial, filed a motion for a new trial.

On March 13, 1984, movant and attorney Buckley appeared in the trial court, along with the prosecuting attorney. The following excerpt from the transcript of that proceeding is pertinent to this appeal:

> "MR. BUCKLEY: Your Honor, in this case I had filed a Motion for New Trial and I've talked to Mr. Mallett and he's told me that he does not want to appeal the case, so, I'm now asking the Court's permission to withdraw my Motion for New Trial.

You do not wanna appeal the case, Kevin?

DEFENDANT: No, I don't.

MR. BUCKLEY: I'd explained to Mr. Mallett that a Motion for New Trial was a necessary step in order to preserve rights properly for appeal.

THE COURT: All right.

For the record, this case was tried on March the 2nd, 1984, and after due deliberation the jury returned a verdict of guilty of the charge of robbery in the first degree and the jury's sentence was ten years in the Department of Adult Institutions. The Defendant then, immediately after the jury's verdict was brought in, was advised that he had the right to request a pre-sentence investigation. At that time the Defendant mentioned to the court, in the presence of his lawyer, that he wanted to go ahead and be sentenced at that time. The Court, at that time, and his own Counsel, Mr. Buckley, advised the Defendant that an appropriate period of time should elapse for due consideration of the question of whether a Motion for New Trial should be filed and also whether an appeal should be processed.

Is that correct, Mr. Mallett, that that was the nature of the conversation we had after the jury's verdict was brought in?

DEFENDANT: Yes, that's correct.

THE COURT: I am accurate in that regard, is that correct?

DEFENDANT: Yes, that's correct.

THE COURT: And now this morning I am advised that at the request of Mr. Mallett his Attorney, Mr. Buckley, has mentioned to the Court that Mr. Mallett wants to withdraw a Motion for New Trial which was filed by Mr. Buckley which is one of the procedures necessary, or appropriate at least, to process an appeal.

Now, I have two questions, Mr. Mallett: Number 1: Have you fully—Well, really three questions. Number 1: Have you fully discussed with your Lawyer,

Mr. Buckley, your right to file a Motion For New Trial and your right to process an appeal?

DEFENDANT: Yes, sir, I have.

THE COURT: And Mr. Buckley has discussed any possible trial errors that this Court might have made with you and you've gone over that with him and you have concluded that you want to withdraw your Motion For New Trial and that you do not want to appeal the case, is that correct?

DEFENDANT: Yes, sir, that's correct.

THE COURT: All right.

Is there anything further, Mr. Buckley, you would like to mention?

MR. BUCKLEY: No, Your Honor. I did do what you just asked Mr. Mallett, I discussed with him what the evidence and rulings had been at trial; I went over with him what I had written up in the Motion For New Trial and discussed that with him; I discussed the procedure on an appeal, the length of time an appeal might take to reach a decision; the possible outcomes of an appeal.

I, I would like to make clear on the record that I did not urge Mr. Mallet to give up his right to an appeal. I, I believe it might be appropriate to ask him if it was his own idea not to appeal this.

THE COURT: All right.

Mr. Mallet, was there any reluctance at all on the part of Mr. Buckley to fully process your appeal if you wanted it processed?

DEFENDANT: Uh, no, sir, it wasn't. I understand the procedures of an appeal and I'd just, you know, rather not—

THE COURT: You'd rather not process your appeal.

DEFENDANT: I, I'd rather not process my appeal; that's on, on my—

THE COURT: That was your decision?

DEFENDANT: That's my decision."

Following the above colloquy, the trial court proceeded with allocution and sentencing.

Several months later, movant, pro se, filed a motion to vacate the conviction.

Under Rule 27.26, a movant is required to state in paragraph 8 of his motion to vacate all grounds known to him for vacating, setting aside or correcting his conviction and sentence. Paragraph 8 of movant's motion in the instant case states:

"Movant herein was deprived of his statutory and constitutional right to appeal his conviction."

Rule 27.26 requires that a movant, in paragraph 9 of his motion to vacate, state the facts which support each ground pleaded in paragraph 8, together with the names and addresses of the witnesses or other evidence on which he intends to rely to prove such facts. Paragraph 9 of movant's motion in the instant case states:

"Movant court appointed counsel advised movant that if movant was sucessful [sic] with the direct appeal he would be taking a risk in that if he were retried he would receive more than the orignal [sic] ten year sentence recommended by the jury on March 2, 1984.

Movant will use part of the trial transcripts at the sentencing proceeding to prove that he did not intelligent and voluntarily waive his right to appeal."

After movant's motion was filed, the circuit court, henceforth referred to as "the motion court," appointed Public Defender Kenny C. Hulshof to represent movant. Thereafter, no additions or amendments were made to movant's pro se motion.

On December 6, 1985, the motion court filed its "Findings of Fact; Conclusions of Law, and Judgment," wherein the motion court noted that it had "reviewed the records and transcripts of the original criminal case that pertains to Movant's ground [for relief] and the file of this current 27.26 Motion."

As to movant's ground for relief, the motion court stated:

"Movant alleges that his court appointed attorney at the original trial ... advised Movant that if Movant was successful with the direct appeal he would

be taking a risk in that if he were retried he would receive more than the original ten year sentence recommended by the jury. Movant says that under these circumstances he did not make an intelligent and voluntary waiver of his right to appeal."

The motion court then took note of the dialogue at the hearing of March 13, 1984, which we have quoted earlier in this opinion. Having done that, the motion court made these findings:

"Movant's statements and answers [at the hearing of March 13, 1984] simply do not support his ground. This is akin to a Defendant wishing to withdraw his guilty plea. The facts show Movant was aware of his rights, advised by counsel, and made an intelligent and voluntary decision not to appeal the jury's verdict.

. . . . .

Movant voluntarily and intelligently waived his right to an appeal which is the basis of the sole ground for the Motion."

Our review is limited to a determination whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Turner v. State,* 669 S.W.2d 642, 644[6] (Mo.App.1984); *Franklin v. State,* 655 S.W.2d 561, 563[2] (Mo.App.1983).

Movant, in his brief, maintains that attorney Buckley advised movant that if an appeal were successful, movant "would receive a greater sentence than the ten year prison term recommended by the jury at the original trial." Movant also complains that he was not advised by the trial court or by attorney Buckley that if an appellate court determined there was insufficient evidence to support the robbery conviction, he would have been acquitted of that offense, notwithstanding the jury's verdict. Additionally, movant asserts that the record nowhere shows that he was told that if an appellate court ordered a new trial, "a subsequent jury could have returned a verdict for a lesser offense with a corresponding reduction in sentence."

We point out to movant that the contentions in the last two sentences of the preceding paragraph are not pleaded in paragraph 9 of his motion to vacate. The only facts alleged in paragraph 9 of movant's motion pertain exclusively to the contention in the first sentence of the above paragraph.

Issues not raised in a motion under Rule 27.26 and not presented to the trial court for determination will not be considered on appeal. *Davis v. State,* 680 S.W.2d 324, 327[9] (Mo.App.1984); *Ardrey v. State,* 612 S.W.2d 859, 860[2] (Mo.App.1981). There is a sound reason for this principle. A movant in a proceeding under Rule 27.26 need not be afforded an evidentiary hearing if the factual allegations in his motion are refuted by the files and records of the case. *Flowers v. State,* 632 S.W.2d 307, 313–14[5] (Mo.App.1982); *Simon v. State,* 603 S.W.2d 48, 49[2] (Mo.App.1980). In making that determination, all a trial court can do is examine the allegations in the motion to vacate, then study the case files and records to see whether they refute the allegations in the motion.

■ If a movant, on appeal, is allowed to raise factual contentions not pleaded in his motion to vacate, the appellate court will find itself addressing issues that the trial court never had an opportunity to consider. It takes scant ingenuity for a movant, on appeal, to raise, for the first time, a factual issue unrefuted by the case record. Orderly procedure requires that we ensure no trial court will be mousetrapped that way.

We therefore decline to consider any contention except the one presented to the trial court, i.e., that attorney Buckley advised movant that if he were successful on appeal he would be taking a risk, in that if he were re-tried, he would receive a longer prison sentence than the ten years assessed by the jury March 2, 1984.

The range of punishment for robbery in the first degree, a class A felony, § 569.-020.2, RSMo 1978, is imprisonment for a term not less than ten years and not to exceed thirty years, or life imprisonment. § 558.011.1(1), RSMo Cum.Supp.1983.

Consequently, had movant, in his motion to vacate, alleged merely that attorney Buckley had warned him that if he were re-tried, there was a *risk* of receiving a sentence exceeding ten years' imprisonment, movant would have pleaded no basis for relief, as such advice would have been perfectly sound. That is not, however, what the motion alleges.

The only fair construction of the averment in movant's motion is that it pleads he was told by attorney Buckley that if an appeal were successful, he (movant) would be taking a risk, in that if he were re-tried he *would* receive a heavier sentence than ten years. Such advice, if given, would be unsound, as there is obviously no way to know, in advance, what sentence a jury will assess.

That being so, we must look to the record to see whether it refutes *that allegation.*

While the record unquestionably demonstrates that movant's decision to waive his right to appeal was made only after thorough consultation with attorney Buckley, and was not induced in any way by attorney Buckley, the record does not refute movant's allegation that he was told by Buckley that if he were re-tried, he would receive a sentence exceeding ten years' imprisonment. Consequently, while movant's contention is extremely narrow, we cannot say that the record conclusively shows he is entitled to no relief.

■ Accordingly, we hold that the motion court erred in denying movant's motion without an evidentiary hearing. Movant, on the record before us, is entitled to an opportunity to show, if he can, that the factual allegation in paragraph 9 of his motion to vacate is true.

In reaching this decision, we do not overlook *Edwards v. State,* 569 S.W.2d 779 (Mo.App.1978), and *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974), *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), *overruled on other grounds, Fields v. State,* 572 S.W.2d 477, 481–83 (Mo. banc 1978), two cases factually close, but not identical, to the one before us. In *Edwards* and *Smith,* the movants' allegations, as construed by the courts, were that the movants' attorneys expressed to the movants the attorneys' *opinions* as to the sentences the movants would receive if they refused to abandon certain rights (waiving right to appeal one conviction and entering pleas of guilty to other charges in *Edwards;* pleading guilty instead of standing trial in *Smith* ). There is certainly nothing amiss in counsel giving his client counsel's professional judgment as to the sentence the client will receive if certain procedural choices are made.

In the instant case, however, movant's allegation, as understood by the motion court and by us, differs from the movants' allegations in *Edwards* and *Smith,* in that here, movant has pleaded that attorney Buckley told movant he *would* receive a more severe sentence if he were re-tried after a reversal and remand. The difference between the instant case and *Edwards* and *Smith,* while subtle, nonetheless compels a different result.

We do not imply that movant's allegation, even if true, entitles him to relief. The motion court, should it find movant's allegation true, would still have to determine whether movant's decision to waive his right to appeal was based on attorney Buckley's alleged statement, or on other factors.

All we decide here is that the record fails to conclusively establish that movant is entitled to no relief. It follows that the trial court erred in denying movant's motion without an evidentiary hearing.

The judgment denying movant's motion to vacate is reversed and the cause is remanded with directions to grant movant an evidentiary hearing.

GREENE, P.J., and TITUS, J., concur.