**Charles TATE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54241.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 7, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Michael D. Burton, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant (hereinafter defendant), appeals from a denial, without an evidentiary hearing, of his Rule 27.26 motion (since repealed) to vacate a conviction for first degree murder. We affirm.

Defendant was convicted, after a jury trial, of murder in the first degree and robbery in the first degree by means of a dangerous and deadly weapon. He was sentenced to concurrent terms of imprisonment for life and ten years, respectively. His convictions were affirmed on direct appeal in *State v. Tate*, 543 S.W.2d 514 (Mo.App.1976). In defendant's only prior 27.26 motion, the trial court vacated defendant's sentence for robbery but denied defendant's motion to vacate the life sentence for murder. Defendant appealed the trial court's denial of his motion claiming ineffective assistance of counsel at trial and on direct appeal. We affirmed the motion court's decision in *Tate v. State*, 667 S.W.2d 473 (Mo.App.1984).

Defendant subsequently filed pro se a second 27.26 motion to vacate his murder conviction. Defendant was appointed counsel to show cause why the new motion should not be dismissed as a violation of Rule 27.26(d) and its proscription against successive motions. Appointed counsel amended the pro se motion and sought to vacate the sentence on the grounds that the attorney who handled both defendant's trial and first appeal was ineffective. Three grounds for the claim were specified in the amended motion. The motion contends the original attorney was ineffective for: a) failing to interview or depose the state's chief witness; b) failing to impeach the testimony of a codefendant who testified for the state; and c) failing to suppress defendant's confession by arguing it was not voluntarily made. In addition, the amended motion sought to vacate defendant's conviction on due process grounds because the trial court failed to give jury instructions pertaining to findings of lesser offenses such as second degree murder and manslaughter. The trial court denied the motion without an evidentiary hearing.

The foregoing detailed examination of the amended motion was necessary to grasp the sole point on this appeal of the motion court's decision. That point contends as a matter of law the motion court should have granted a hearing because the failure of the original attorney to preserve as error the trial court's jury instructions was sufficient grounds to make out an ineffective assistance of counsel claim entitling defendant to relief.

While defendant's tortured argument could be answered several different ways with each answer conclusive, the simplest and therefore the best answer is the argument may not be considered at all since the point raised here is different from the point presented to the motion court. The motion court was presented with the argument that the trial court's refusal to give the proffered jury instructions deprived the defendant of due process. On appeal, that argument has shifted to an ineffective assistance of counsel claim due to the trial attorney's failure to preserve the trial court instructional error for appellate review. Variance between defendant's motion and his appeal of his motion denial

preserves nothing for review. The ground for relief raised in defendant's motion and denied by the trial court was not briefed in this appeal and is deemed abandoned. *Merritt v. State,* 650 S.W.2d 21, 23 (Mo. App.1983) (citing *Plant v. State,* 547 S.W. 2d 835, 836 (Mo.App.1977)). Grounds not presented to the motion court will not be considered on appeal. *Mallett v. State,* 716 S.W.2d 902, 905 (Mo.App.1986).

The wisdom of this procedural safeguard can be demonstrated in this case by the fact it is unclear to this court what the defendant means when he argues his trial attorney "failed to preserve" the trial court's instructional error. Two possibilities come to mind. The first is the trial attorney failed to object to the refusal to give the requested jury instruction and thus failed to properly preserve the point for appellate review. The other is the trial attorney failed to properly brief the trial court's instructional error for appellate review. If the appeal before us involves the later interpretation of the defendant's argument, the point was addressed in *Tate v. State,* 667 S.W.2d at 474. The appeal before us is then without merit since the trial court acted properly, in denying the grounds for postconviction relief that had previously been raised and determined adversely to the defendant. *Watson v. State,* 610 S.W.2d 42, 43 (Mo.App.1980). If this appeal involves the other possibility that the trial attorney failed to object to the refusal to give the suggested defense jury instruction, the record before us is barren on that issue.

The court in *Mallett* correctly concluded there is only one way to deal with the problem the defendant's ambiguous argument poses. The court observed:

> If a movant, on appeal, is allowed to raise factual contentions not pleaded in his motion to vacate, the appellate court will find itself addressing issues that the trial court never had an opportunity to consider. It takes scant ingenuity for a movant, on appeal, to raise, for the first time, a factual issue unrefuted by the record. Orderly procedure requires that

we ensure no trial court will be mouse-trapped that way.

716 S.W.2d at 905.

Accordingly, we decline further review.

The judgment of the trial court is affirmed.

SIMON, J. and SIMEONE, Senior Judge, concur.