**Tracy Lee MIDGYETT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40788.**

Missouri Court of Appeals,
Western District.

March 14, 1989.

John A. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and
SHANGLER and BERREY, JJ.

BERREY, Judge.

Appeal from denial, after evidentiary hearing, of movant's Rule 27.26 motion.[1] Movant sought to vacate a conviction for robbery in the first degree and armed criminal action for which he was sentenced to fifteen years and twenty years respectively, to be served consecutively. The judgment was affirmed upon direct appeal by memorandum decision in *State v. Midgyett*, 706 S.W.2d 521 (Mo.App.1986).

Movant filed a *pro se* Rule 27.26 motion on August 31, 1987. Counsel was appointed, but did not file an amended motion. Movant contended that his confession was subject to a motion to suppress and that his trial counsel was ineffective for failing to make such a motion predicated upon *State v. Arbeiter*, 449 S.W.2d 627 (Mo.1970). The circuit court entered findings of fact and conclusions of law denying movant's motion for post conviction relief on June 30, 1988.

In movant's sole point on appeal he challenges the denial of his Rule 27.26 motion claiming that the motion court erred because his trial counsel was ineffective in that trial counsel should have raised the issue of voluntariness of movant's inculpatory statement which should have been suppressed.

The statement referred to in this appeal is one given by movant, who was fifteen years old at the time, after being cautioned and after movant executed a "juvenile

---

1. Repealed, effective January 1, 1988.

waiver." [2] In this statement, movant admitted to the commission of the felonies for which he was ultimately tried and convicted. Trial counsel did attempt to suppress the statement, attacking the statement upon a violation of the juvenile code and upon violations of movant's Fifth and Sixth Amendment rights. A motion to suppress hearing was held on December 10, 1985. The motion to suppress was overruled.

At his Rule 27.26 hearing, movant specifically stated that his only claim of ineffective assistance was a failure on the part of counsel to challenge admissibility under *State v. Arbeiter*, 449 S.W.2d 627 (Mo. 1970). The following testimony is illuminating:

Q. Okay. Now, you also claim that then on appeal the case of State versus Arbeiter at 449 SW 2d 627 should have been raised where Mr. Ely raised, I believe, in points relied upon, Point No. 2, that the trial court erred in the admission of your confession; is that correct?

A. Yes.

Q. No, excuse me. Point 3. Point 3, where State's Exhibit No. 4, your confession, was admitted into evidence; is that correct?

A. Yes.

Q. And in his brief it was not mentioned or discussed, State versus Arbeiter?

A. Yes.

Q. And you have raised that and specifically cited that case in your motion?

A. Yes.

. . . .

Q. Okay. Mr. Midgyett, is there any other grounds that you want to raise at this point in time as to go to ineffective assistance of counsel?

A. No.

The motion court overruled movant's motion for relief, concluding that, "[c]ounsel was not ineffective for failure to object based on the *Arbeiter* decision, nor to cite it on appeal, because said decision is not controlling, in that it offers Movant no relief from the admission into evidence of his confession." The motion court also concluded that the statement was freely and voluntarily given.

On appeal, movant does not reassert his claim in the underlying motion pursuant to *Arbeiter*. Instead, his appeal is grounded on trial counsel's failure to raise the voluntariness of movant's inculpatory statement. The problem with movant's contention is that it was not presented below and issues which are not raised in a motion under Rule 27.26 and are not presented to the trial court may not be considered on appeal. *Cox v. State*, 715 S.W.2d 2, 3 (Mo.App.1986). Movant's attempt to characterize the issue as tried by implied consent is simply not persuasive. Movant bases his contention on testimony he gave while being cross-examined:

Q. The statement was not obtained in violation of your rights; was it?

A. I believe it was.

Q. How?

A. Well, the juveniles—I have five people in the room with me and they're all talking to me.

Q. Uh-huh.

A. Okay. I'm 15 years old, I'm scared.

Q. Uh-huh.

A. Okay. And when they asked me for a statement, they tell me all my rights. Okay.

Q. Uh-huh.

A. But I see as the reason that I'm giving it to them is because I'm scared. I have all these policemen in the room with me. Okay.

Movant's admission of being "scared" is wholly insufficient to raise the issue of voluntariness in this appeal. As a sound principle in the orderly administration of justice it is inadvisable for an appellate court to address issues not pleaded in a motion to vacate. The court in *Mallett v. State*, 716 S.W.2d 902, 905 (Mo.App.1986)

---

2. The juvenile rights waiver referred to explained what movant's rights were analogous to Miranda Warnings. It also cautions that any statement made may be used as evidence in a later adult criminal trial if, in fact, as was the case here, certification as an adult is made.

sets out the danger quite succinctly. "It takes scant ingenuity for a movant, on appeal, to raise, for the first time, a factual issue unrefuted by the case record." *Id.* To allow movant to address the issue because the words "involuntary" and "scared" were used during the hearing would defeat the entire philosophical underpinnings of a Rule 27.26 motion. The Rule itself requires that all claims for relief be stated in the motion Rule 27.26(c). Not only was the claim not presented at movant's hearing, movant himself denied such claim:

Q. Okay. Is it your contention that the confession which you gave to Officer Akerson of the Chillicothe Police Department was involuntary?

A. No.

Q. It's—you're not—Okay. You made it voluntarily; didn't you.

A. Yes.

. . . .

Q. Okay. You've already testified that you made the statement voluntarily. You understood what you were saying; didn't you?

A. Yes.

Movant's testimony speaks for itself. Judgment affirmed.

All concur.