STATE of Missouri,
Plaintiff–Respondent,

v.

Tyree RILEY, Defendant–Appellant.

No. 56344.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 20, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1990.

Application to Transfer Denied
May 15, 1990.

Charles Clifford Schwartz, Jr., James Jay Knappenberger, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Judge.

Appellant appeals his jury conviction of murder in the second degree, § 565.021 RSMo 1986, and armed criminal action § 571.015 RSMo 1986, for which he was sentenced to concurrent terms of imprisonment of thirteen years and four years respectively.

Appellant does not dispute the sufficiency of the evidence and therefore a brief statement of facts will suffice. The victim, Curtis Gordon, had been drinking most of the night at a friend's home. Appellant, a long-time friend of Gordon, arrived at about 6:30 a.m. The two of them and several others continued drinking. Sometime after 9:30 appellant and Gordon began arguing. Appellant displayed a pistol he was carrying but the argument continued. Appellant then picked up his pistol and slapped Gordon on the head with the weapon. Gordon left the room and obtained a hammer but was restrained by the hostess and her brother-in-law. They pushed him outside of the house and locked the doors. Gordon started banging on the doors, first the back and then front, demanding to be let in. This continued for several minutes while the occupants of the house mixed more drinks. Finally appellant stated, "can't nobody stop him from knocking on the door, [sic] I'll stop the m—— f—— from knocking on the door." He got up and with his pistol went into the kitchen, toward the back door. Shortly before this appellant had chambered a cartridge and taken the safety off. A witness described him opening the door, leveling his weapon and firing two shots. Gordon fell in the doorway, fatally wounded. Appellant told his wife "get the coats, let's go."

In statements to the police and in his testimony appellant claimed he shot Gordon in self-defense. He claimed he and his wife were leaving and that when he opened the door Gordon rushed at him with something in his hand. He cocked the gun and fired. Gordon kept coming and he fired again. He and his wife left immediately and threw the gun away. After hearing on the radio that Gordon was dead, he surrendered to the police.

On January 26, 1989, a jury found appellant guilty of murder second degree and armed criminal action and assessed punishment at 13 years and 4 years respectively. His trial attorney requested and was granted an extension until February 21, 1989, to file a motion for a new trial. After two discussions with his attorney appellant agreed he would waive his right for a motion for new trial and an appeal if the prosecutor would agree to recommend concurrent sentences and if this was acceptable to the court. On February 21, 1989, the attorney presented the trial judge, the Honorable Bernhardt C. Drumm, Jr., with a memorandum signed by the two lawyers which set forth this agreement. Judge Drumm wrote the word "Accepted" on the memorandum and signed it. No motion for new trial was filed. The next day when appellant's attorney advised his client he had successfully worked out the deal, appellant said that he had second thoughts and wanted to appeal. At sentencing on February 24, 1989, appellant told the court he had agreed that his lawyer should explore the possibility of an agreement, but he thought that he would be advised of the outcome before it was final. In the meantime he had decided he did want to appeal.

Judge Drumm expressed his belief of the representation made by appellant's attorney that he was authorized by his client to make the agreement and his disbelief of appellant's denial of such authorization. Judge Drumm further stated that after reading the pre-sentence report, which was not previously available, he believed concurrent sentences were inappropriate but he considered himself committed to the terms of the agreement he had accepted since he no longer had jurisdiction to permit the filing of a motion for new trial. The court proceeded to sentence appellant in accordance with the jury's assessment of

punishment and ordered the sentences to be served concurrently.

Pursuant to Rule 29.07(b)(4) the court advised appellant of his right to proceed under Rule 29.15 and interrogated him regarding the assistance of counsel. No Rule 29.15 motion has been filed. As directed by Judge Drumm, appellant's trial counsel filed a timely notice of appeal, withdrew from the case and has been replaced by appellant's present counsel.

■ Appellant's first point on appeal is stated as follows:

The [appellant's] rights to a constitutionally fair trial and post-trial relief were violated by ineffective assistance of counsel. Trial counsel's performance lacked the skill of a reasonably competent attorney rendering similar services under the existing circumstances which resulted in prejudice to the [appellant] both in trial and post-trial activity.

Initially we note the point relied on fails to comply with the requirements of Rule 30.06(d) in that it supplies no clue regarding what acts or omissions of trial counsel constituted ineffective assistance. *See Tate v. State*, 773 S.W.2d 190, 193 (Mo.App. 1989). Furthermore, a claim of ineffective assistance of counsel is not cognizable on direct appeal but must be presented pursuant to the procedure set forth in Rules 29.15 or 24.035 which provide for the development of a full and complete record. These rules provide the exclusive procedure through which post-conviction relief because of ineffective assistance of counsel may be sought. *State v. Wheat*, 775 S.W.2d 155, 157 (Mo. banc 1989). Appellant's failure to file such a motion within the time allowed by Rule 29.15 constitutes a complete waiver of the right. *Id.* Finally, in order to dispel any possibility of injustice, we have thoroughly examined the entire record on appeal regarding the charges of ineffective assistance contained in the argument portion of appellant's brief, most of which are woefully lacking in specificity. We find these charges to be totally devoid of merit.

■ In his second point appellant alleges plain error by the trial court in accepting a waiver in the right of appeal without his presence or signature. We find no error, plain or otherwise.

■ Appellant's contention that the right to file a motion for new trial and the right of appeal are valuable rights which may not be denied absent a waiver is indisputable. However, a waiver of these rights, shown by the record or acts of the appellant and circumstances to be inconsistent with any other interpretation, will be enforced. *Edwards v. State*, 569 S.W.2d 779, 780 (Mo.App.1978). The very thorough record developed by Judge Drumm at the sentencing amply supports his conclusion that appellant authorized his attorney to waive his rights to file a motion for a new trial and to appeal in return for concurrent sentences. Although hindsight points to the advisability of obtaining written confirmation of such authorization, we are aware of no rule or practicable reason which would prohibit a judge from accepting the oral representation of a lawyer regarding his client's wishes. We fault neither the court nor the lawyer for failing to anticipate that appellant might change his mind.

Appellant does not suggest that his waiver was not "knowingly" made because of misrepresentation or erroneous advice, *See Ray v. State*, 532 S.W.2d 478, 482 (Mo.App. 1975), or that he was not fully informed of his options in the two conferences with his attorney. He admits he authorized his attorney to negotiate the deal with the prosecutor and to ensure its acceptance by the court. The only difference between his account of the authorization he gave his lawyer and the latter's account is appellant's claim that he retained the ability to frustrate the lawyer's efforts on his behalf by withdrawing from the agreement after it was made. On this point the trial judge expressed his disbelief of appellant and we defer to his determination of credibility.

The total record in this case reflects no manifest injustice or that appellant was in any way treated unfairly. He received the benefit of his bargain, concurrent sentences, even though Judge Drumm ex-

pressed his reluctance to grant such leniency after receiving the pre-sentence report. In addition, he is obtaining what he bargained away: a thorough examination of the record by an appellate court to ensure that no miscarriage of justice has occurred.

In this examination we find nothing to warrant reversal whether preserved by motion for new trial or not.[1]

Accordingly, we have no hesitation in holding appellant to his part of the bargain, the waiver of his right of appeal.

Appeal dismissed.

HAMILTON, P.J., and STEPHAN, J., concur.

---

1. The only claim of trial error asserted by appellant is the refusal of the trial court to include the paragraph pertaining to withdrawal from the encounter in the self-defense instruction, MAI–CR 3rd 306.06. The evidence does not support the giving of this paragraph which requires a finding that the initial aggressor "clearly indicates *to the other person* his desire to end the encounter." (Emphasis ours). There is no question appellant, by hitting Gordon in the head with his pistol, was the initial aggressor. Accepting as true appellant's testimony that he

considered the matter to be over, he certainly did not communicate this fact to the victim. Opening the door to an adversary with a loaded, ready-to-fire pistol in one's hand can hardly be taken as an indication of withdrawal. "As long as a person keeps his gun in his hand prepared to shoot, the other person is not expected or required to accept any act or statement as indicative of an intent to discontinue the assault." *State v. Ehlers,* 685 S.W.2d 942, 948 (Mo.App. 1985), quoting *State v. Gadwood,* 342 Mo. 466, 116 S.W.2d 42 (1937).