STATE of Missouri, Respondent,

v.

David Owen EDWARDS, Appellant.

David Owen EDWARDS,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 53471, 55978.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 6, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 7, 1990.

Application to Transfer Denied
April 17, 1990.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Judge.

David Owen Edwards was found guilty by a jury of forcible rape, § 566.030 RSMo 1986, and sentenced to thirty years' imprisonment. His Rule 29.15 motion was denied after an evidentiary hearing. He challenges both judgments in this consolidated appeal.

In February 1986, M.D. ("victim") met appellant. They immediately developed a casual sexual relationship. They stopped having sexual intercourse sometime in June or July after appellant had mentioned his interest in victim's sister. At about this time, victim became involved with another man. Several months later on Sunday, September 15, around ten o'clock in the evening, victim telephoned her friend Tina, the girlfriend of appellant's brother. Appellant answered instead. During their conversation he mentioned he had recently purchased a new citizens' band radio and asked if she wanted to try it out. She agreed, and appellant picked her up in his truck. As they drove west on Interstate 44, they talked on the C.B. radio to truck drivers. Appellant turned off the highway and parked in a secluded area.

Appellant asked victim if she wanted to listen to the radio or to continue talking on the C.B. Victim replied, "it didn't make me any difference." She testified they began kissing. Appellant tried to put his hands up her blouse. She resisted his advances and tried to get out of the truck. He grabbed her, hitting her head on the steering wheel. He locked the truck's doors and threatened to kill her if she tried to escape again. They then engaged in both oral and regular intercourse. Appellant drove victim back to her house.

The next morning she went to her gynecologist with whom she had previously scheduled an appointment. She told him she had been raped. He directed her immediately to the emergency room at Lutheran Medical Hospital. At the emergency room, Dr. Pedro Cayab conducted an examination of victim. He found no outward signs of physical injury or vaginal trauma, but did find spermatozoa. He noted during his examination that victim was upset, crying and somewhat withdrawn. He considered her to be suffering from mental trauma. Two police officers who interviewed victim at the hospital also observed her emotional state. While appellant did not testify himself, his defense at trial did not dispute that sexual intercourse had occurred, but, rather, that the intercourse was consensual, not forcible.

The jury found appellant guilty of rape. Although the trial court had previously found appellant to be a persistent sexual offender, the state waived its right to have him sentenced as a persistent sex offender in exchange for his waiver of his appeal. The trial court sentenced appellant to thirty years' imprisonment.

■ Appellant has raised three points. He challenges the sufficiency of the evidence, the state's use of an expert medical witness's opinion and the exclusion of evidence that victim's vaginal infection was sexually transmittable. The state ignores the merits of appellant's claims in his direct appeal and responds that these points should not be considered because the record establishes that appellant voluntarily waived his right to a direct appeal of his conviction in return for the prosecutor's

withdrawal of proof that appellant was a persistent sex offender.

At the close of the state's case and out of the hearing of the jury, the prosecutor offered into evidence a prior rape conviction to establish that appellant was a persistent sexual offender under § 558.018 RSMo 1986. Under this statute, the judge would have been required to sentence appellant to thirty years without probation or parole.

At appellant's sentencing, the state agreed to withdraw its proof of appellant's persistent sex offender status if appellant would waive his appeal. Absent such proof, although appellant would still receive a sentence of thirty years' imprisonment, he would be eligible for parole or probation. When questioned directly by the court whether he understood the import of the state's recommendation, appellant indicated his assent. The court then asked appellant if that was what he wanted to do. Appellant responded affirmatively. The court reiterated its question:

> THE COURT: You understand what that means? That you are waiving any right to appeal. In other words, you are giving up your right to appeal the decision in this case?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You understand that?
>
> THE DEFENDANT: Yes, sir.

A discussion ensued over appellant's satisfaction with his trial attorney's performance and the availability of a post-conviction proceeding against defense counsel. Appellant again acknowledged that he wanted to waive his direct appeal. The trial court accepted the waiver of his right to appeal and sentenced appellant to thirty years' imprisonment. The judge concluded the sentencing by questioning appellant once again whether it was clear to him that the state was waiving its proof of his persistent sexual offender status in exchange for his waiver of his right to appeal. Both appellant and his trial counsel responded affirmatively.

Despite this acknowledgment by both appellant and his trial counsel of his waiver of his appeal, defense counsel filed a late notice of appeal to initiate this appeal. A defendant waives his right to appeal where the intention to voluntarily waive appears in the record. *Edwards v. State*, 569 S.W.2d 779, 780[1, 2] (Mo.App.1978). We believe the record as previously discussed conclusively establishes appellant's voluntary waiver of his appeal. Appellant's voluntary waiver precludes any review on the merits of his appeal from his conviction for forcible rape. His direct appeal is dismissed.

■ A cursory review *ex gratia* of appellant's claims in his direct appeal satisfies us that no basis for reversal of appellant's conviction exists. His first point argued that, as in *State v. Phillips*, 585 S.W.2d 517, 520 (Mo.App.1979), victim's testimony was uncorroborated, contradicted other evidence presented by the state's witnesses, and was contrary to common experience. In *Phillips*, the court found the prosecutrix's testimony on the issue of sexual penetration to be "vague and conclusionary." *Id.* Here, appellant did not dispute that intercourse had occurred, but only that such intercourse was consensual, not forcible. Dr. Pedro Cayab's testimony that he found no bruises or vaginal trauma upon examining victim some twelve hours after the rape does not contradict her claim that appellant grabbed her, threw her against the door of the pick-up truck jamming her head between the door and the steering wheel and, after locking the truck's doors, threatened to kill her if she tried to escape. Dr. Cayab acknowledged on redirect examination that, depending on the degree of force used, bruises might not show up for forty-eight hours after their infliction.

■ Appellant's second point is that the testimony of Dr. Cayab concerning victim's apparent mental trauma transgressed *State v. Taylor*, 663 S.W.2d 235 (Mo. banc 1984), that evidence of rape trauma syndrome is not admissible. In *Taylor*, the objectionable testimony was given by a psychiatrist who examined the prosecutrix some three months after the alleged rape and was offered by the state solely to buttress the victim's credibility. *Id.* at 240.

Here, the state offered the attending physician's description of victim, both her physical and apparent psychological condition, upon his initial examination and treatment of her for rape. Missouri permits expert, as well as lay, witnesses to describe the complainant's psychological or emotional condition after the offense to show there was no consent. *State v. Burke,* 719 S.W.2d 887, 889 (Mo.App.1986).

■ Appellant's final point averring that the trial court erred in excluding proof that victim had a sexually transmittable infection is also without merit. He argues such evidence was relevant and admissible to establish victim's motivation to make a false claim of rape "to avoid reprisal for spreading the infection to appellant and his sexual partners." He states this evidence, in conjunction with her claim of forcible intercourse which Dr. Cayab's testimony contradicted, would have so undermined victim's credibility that the jury would have acquitted appellant. We have previously discussed and rejected appellant's premise that Dr. Cayab's testimony contradicted victim's testimony that the intercourse was forcible. Second, we find appellant's surmise both to victim's motive (fear of reprisal by her doctor) and to the possibility of the jury's acquittal of appellant highly speculative and totally lacking any basis in the record.

Appellant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. He asserts his trial counsel was ineffective because he failed to object to certain statements by the state's witness Dr. Pedro Cayab, the emergency room physician who had examined victim for rape, and because defense counsel coerced appellant into waiving his direct appeal.

Our review of the motion court's determination is limited to whether its findings, conclusions and judgment are clearly erroneous. Rule 29.15(j); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). These findings are clearly erroneous only if, after examining the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* at 695–96. Furthermore, to prevail on a claim of inef-

fective assistance of counsel, one must show that trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and defendant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Mallett v. State,* 769 S.W.2d 77, 82 (Mo. banc 1989).

■ Appellant contends counsel was ineffective in failing to object to Dr. Cayab's testimony concerning victim's claim and description of her rape. Appellant also claims that such omission by counsel failed to preserve the error for appellate review, thereby prejudicing appellant. Appellant disputes the motion court's determination that the doctor's testimony was admissible under the "medical history" exception to the hearsay rule. While appellant acknowledges such an exception, he characterizes the doctor's testimony as an impermissible reiteration of victim's description of the circumstances surrounding the alleged rape.

Appellant states that the only genuine issue at trial was whether victim consented to having intercourse with him and that the state's own evidence had undermined her credibility. Appellant argues the doctor's testimony improperly bolstered victim's assertion that she had been raped. Appellant concludes the reasonable probability exists the result at trial would have been different had the doctor's repetition of victim's condition been excluded.

Failure to object constitutes ineffectiveness only when substantial deprivation of the right to a fair trial is involved. *Barnett v. State,* 776 S.W.2d 928, 929 [1] (Mo. App.1989). We are unable to find that trial counsel's actions with respect to the doctor's testimony caused a substantial deprivation of appellant's right to a fair trial. Victim's testimony alone, regardless of any purported bolstering or cumulative evidence by the introduction of the doctor's medical history of victim, was sufficient for a jury to find appellant guilty of forcible rape. Furthermore, the record reflects defense counsel ably attacked the doctor's

testimony interposing many objections, several of which the trial court sustained.

We do not believe the motion court's conclusion that such statements were admissible as medical history was clearly erroneous. Statements made to a physician for such purposes are admissible as an exception to the hearsay rule. *See e.g. State v. Gonzales,* 652 S.W.2d 719, 724 (Mo.App.1983). A defendant is not denied effective assistance of counsel based on counsel's failure to object to certain testimony as hearsay or irrelevant where such testimony was, in fact, both relevant and non-hearsay. *State v. Flieger,* 776 S.W.2d 25, 30 [8] (Mo.App.1989). The point is denied.

Appellant's final point avers the motion court failed "to squarely address the claim that [defense counsel] coerced appellant into stating that he agreed to waive his direct appeal." Appellant's *pro se* motion claimed that on the day of sentencing, his attorney threatened him and presented the choice of thirty years with or without parole, depending on his waiver of his direct appeal. Appellant's own testimony at the evidentiary hearing belies his attorney threatened him. What he characterizes as his attorney's "threatening" him was merely his attorney's action informing appellant of his options at sentencing and of the sense of immediacy governing his choice. Appellant stated:

> Well, before the sentencing [defense counsel] took me out here in the hall and he was telling me about the negotiations and he said I had to hurry up and make my mind up. And he was going on, and he said it would be a shame to see me die in prison and stuff.
>
> Being rushed and that being said I was pretty upset, so I just said, "Let's do it and get this over with."
>
> When I came back in and was being sentenced the Judge asked me if I understood that and I said I did, but I guess I really wasn't fully aware of what I was saying.
>
> I stated that I did understand, but later that day I tried to get ahold of [defense counsel] because when we were

in the hall he informed me that I had—at least I understood him to say that I had a time period where I could change my mind, if I did it quickly enough. And I tried to contact him and I couldn't get ahold of him.

In response to the state's question, "You agreed at the time of your sentencing that in exchange for us not seeking to sentence you as a persistent sexual offender whereby you would receive 30 years without parole, that you would waive your appeal and accept the 30 years straight time?" appellant answered, "Correct."

Defense counsel testified that he had already informed appellant prior to trial that, if convicted, he would serve thirty years without the possibility of probation or parole. Then, after appellant, in fact, was convicted, counsel relayed to him at his sentencing that he could, instead, serve thirty years *with* the possibility of parole, if the state waived his persistent sexual offender status in exchange for his waiver of appeal. Counsel informed appellant of this possibility out in the hallway of the courthouse a few minutes before his sentencing. Appellant told his attorney he would "rather have the opportunity to get out at some point even without an appeal than to be sentenced to 30 years without parole and then on the off chance he would be successful in his appeal and get a new trial." When asked if he had enough time to discuss this with appellant, defense counsel stated that, while appellant had since claimed he was pressured, counsel felt he had properly advised appellant of his choices. The motion court subsequently found appellant's trial counsel fully informed appellant of his options and rights to an appeal and appellant understood those rights and agreed to waive his appeal.

We have reviewed the post-conviction transcript carefully. Nothing in the record suggests appellant's attorney pressured him or that he did not understand the offer. It is true that appellant was compelled to make his decision quickly. However, the choice presented him was simple and straightforward—thirty years with no pa-

role plus the right to appeal or thirty years with parole but no right to appeal. Each choice had easily recognized drawbacks and advantages. Appellant already knew prior to trial of the first option. We believe the record supports the motion court's findings; hence, its conclusion is not clearly erroneous. Appellant's final point is denied.

The appeal from the judgment and conviction of the trial court is dismissed. The judgment of the motion court denying appellant relief under Rule 29.15 after an evidentiary hearing is affirmed.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.