STATE of Missouri, Respondent,

v.

James W. HAYES, Appellant.

No. WD 42235.

Missouri Court of Appeals,
Western District.

April 23, 1991.

J. Bryan Allee, Columbia, for appellant.

William L. Webster, Atty. Gen., David J. Hansen, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and
KENNEDY and FENNER, JJ.

KENNEDY, Judge.

Defendant appeals from his convictions upon jury trial of first degree robbery, § 569.020, RSMo 1986, and armed criminal action, § 571.015, RSMo 1986. He was sentenced to consecutive terms of 12 years' and four years' imprisonment on the two respective counts, to be served concurrently with a term of imprisonment in federal penitentiary.

Appellant after his conviction filed a motion for a new trial, but withdrew the same and expressly waived his right to appeal. This was done in return for the prosecuting attorney's silence upon a punishment recommendation, and his acquiescence in defendant's attorney's recommendation. Defendant had been determined to be a Class X offender, § 558.019, RSMo 1986, so the matter of punishment had not been submitted to the jury, § 558.021, RSMo 1986, and the jury verdict was silent with respect to punishment. The punishment assessed by the trial court followed the recommendation of appellant's attorney.

■ An examination of the transcript makes it very clear that the appellant waived his right to appeal knowingly and fully understood the consequences of the waiver. He makes no contention to the contrary here. A waiver of the right to appeal is fully effective, and forecloses our consideration of the appeal. *State v. Edwards*, 785 S.W.2d 703, 705 (Mo.App.1990); *Edwards v. State*, 569 S.W.2d 779, 780 (Mo.App.1978).

■ Appellant points out that this court under Rule 30.03 permitted appellant to file his appeal out of time. That, however, does not bind this court to consider the appeal on its merits. The court when it ruled the application for an untimely appeal did not have before it defendant's waiver of the right of appeal.

Appeal dismissed.

All concur.