**STATE of Missouri, Respondent,**

v.

**Miguel VALDEZ, Appellant.**

**Miguel VALDEZ, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 45833, WD 46592.**

Missouri Court of Appeals, Western District.

March 16, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1993.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and BRECKENRIDGE, JJ.

TURNAGE, Judge.

Miguel Valdez was found guilty by a jury of attempted robbery in the first de-

gree, §§ 564.011.1, 569.020.1, RSMo 1986, and armed criminal action, § 571.015.1. The jury assessed punishment at fifteen years imprisonment for the attempted robbery and seventy-five years imprisonment for the armed criminal action. It was agreed by all parties that the court would sentence Valdez to a combined total of twenty-five years in exchange for Valdez' voluntary withdrawal of his motion for new trial and his agreement not to appeal and his waiver of his right to file a motion pursuant to Rule 29.15. In accordance with the agreement, the court sentenced Valdez to a total of twenty-five years imprisonment. Notwithstanding the agreement, Valdez filed a direct appeal and a 29.15 motion. Valdez contends the waivers of his right to file a direct appeal and a Rule 29.15 motion were not knowingly, voluntarily and intelligently made. Appeal dismissed.

On June 19, 1991, after a three-day jury trial, Miguel Valdez was found guilty of attempted robbery in the first degree and armed criminal action. The jury recommended fifteen years imprisonment for the attempted robbery and seventy-five years imprisonment for the armed criminal action.

Valdez subsequently filed a motion for new trial and the trial court held a sentencing hearing. At the hearing, counsel for the parties informed the court that Valdez had agreed to withdraw his motion for new trial and waive his right to appeal and his right to seek state post-conviction relief in exchange for an agreement that would limit his sentence from a potential ninety years imprisonment to a total of twenty-five years imprisonment. Prior to making the agreement, Valdez was advised of all of his rights and was informed that, pursuant to the agreement, he would be withdrawing his motion for new trial and waiving his right to a direct appeal as well as his right to post-conviction relief under Rule 29.15.

In accordance with the terms of the agreement and following Valdez' withdrawal of his motion for new trial, the court sentenced Valdez to fifteen years imprisonment on the attempted robbery count and

twenty-five years imprisonment on the armed criminal action count with sentences to run concurrently for a total of twenty-five years.

Notwithstanding the agreement, Valdez filed a motion for leave to file his notice of appeal from his convictions out of time and to proceed in *forma pauperis* on appeal which the court granted. Thereupon, Valdez filed his notice of appeal. Valdez also filed a *pro se* motion under Rule 29.15 seeking to set aside his convictions and sentences claiming ineffective assistance of counsel as well as a variety of alleged trial errors that had originally appeared in his motion for new trial. Upon motion by the State, the trial court dismissed Valdez' 29.15 motion and found that he had made a knowing and voluntary waiver of his rights under Rule 29.15. Valdez appealed. Both cases have been consolidated on appeal.

The State filed a motion to dismiss the appeals with this court on the ground that Valdez had voluntarily waived his right to a direct appeal and to seek post-conviction relief pursuant to Rule 29.15 in exchange for a reduced sentence. In response to the State's motion, this court issued an order stating that this case would be briefed on the sole issue of whether or not the appeal should be dismissed based upon the grounds alleged by the State.

■ On appeal, the State contends that the waivers of the right to file a direct appeal and to file a Rule 29.15 motion for postconviction relief were made knowingly, voluntarily and intelligently. Valdez contends they were not and asserts that the mere fact that he filed a 29.15 motion and a notice of appeal after he had agreed to waive such rights indicates his lack of understanding and voluntariness of entering into such an agreement. He also claims that he was unable to adequately understand the proceedings leading up to the waiver.

■ A defendant's right to file a motion for a new trial and the right of appeal are "valuable rights which may not be denied absent a waiver." *State v. Riley*, 787 S.W.2d 314, 316 (Mo.App.1990). It is well-settled that a defendant in a criminal case

may voluntarily withdraw his motion for a new trial and waive his right to appeal. *State v. Phason*, 406 S.W.2d 671, 673[1] (Mo.1966). "A defendant waives his right to appeal where the intention to voluntarily waive appears in the record." *State v. Edwards*, 785 S.W.2d 703, 705 (Mo.App. 1990). A defendant may also waive his right to seek post-conviction relief as long as he has been informed of all of his rights and such waiver is made voluntarily, knowingly and intelligently. *Ferina v. State*, 742 S.W.2d 215, 217 (Mo.App.1987).

In this case, Valdez was questioned extensively by his attorney to ensure that he understood that he had a right to file a direct appeal from his conviction and sentences and that he also had a right to challenge the effectiveness of his representation at trial by filing a post-conviction motion. At the sentencing hearing, Valdez acknowledged his awareness that he would be waiving such rights.[1] He even stated that he had "no reason to complain about [his attorney's] service." Valdez indicated that his primary objection to the verdict was the potential ninety-year combined sentence recommended by the jury and he did not believe that he deserved "the ninety years." He also indicated that he wanted the prosecution brought to a conclusion and that if the sentence could not be less than twenty-five years, "then be it twenty-five." The court gave Valdez exactly what he agreed to—a sentence reduced from a potential ninety-years to twenty-five years total. After Valdez received this benefit, however, he chose to violate the terms of the agreement. The transcript of the sentencing hearing reveals that Valdez knew exactly what he was bargaining for.

When a defendant agrees to waive his right to file a motion for new trial and appeal in exchange for a reduced sentence and then receives the "benefit of the bargain," an appellate court will not hesitate in holding the defendant to his part of the bargain. *State v. Riley*, 787 S.W.2d 314,

316 (Mo.App.1990). In this case, it is clear from the record that Valdez understood the proceedings leading up to the waiver and was properly informed as to all of his rights. The record also reflects that he made a knowing and voluntary waiver of his right to appeal and to file a motion for new trial as well as his right to seek post-conviction relief under Rule 29.15. He also received the benefit of his bargain—a reduced sentence with sentences to run concurrently for a total of twenty-five years. Since Valdez agreed to waive such rights and since his waivers were knowingly and voluntarily made, this court sees no reason why such agreement should not be enforced. As such, his voluntary waivers preclude any review of the merits of his appeal from his conviction or for his 29.15 motion.

The appeal is dismissed.

All concur.

---

1. Although an interpreter was present at both the trial and the sentencing hearing in the event Valdez needed any terms translated into Spanish, his native language, Valdez told the court at the beginning of his sentencing hearing that he understood "exactly what [the judge] said" and that he "understand[s] English pretty good."