**STATE of Missouri, Plaintiff/Respondent,**

v.

**Macklyn REED, Defendant/Appellant.**

No. 70844.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 5, 1998.

Susan K. Eckles, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Seth A. Albin, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES R. DOWD, Judge.

Macklyn Reed appeals from the judgment denying his Motion for Reduction of Sentence pursuant to section 558.046 RSMo 1994.

On June 7, 1994, a three count indictment was returned against Mr. Reed. Counts I and III charged Mr. Reed with felony possession of a controlled substance, in violation of section 195.202 RSMo 1994, and Count II charged Mr. Reed with misdemeanor possession of a controlled substance, also in violation of section 195.202 RSMo 1994. The case was tried to a jury in a two day trial commencing on March 8, 1995. The jury returned a verdict finding Mr. Reed guilty on all counts.

On April 11, 1995, Mr. Reed was sentenced by the trial court as a prior offender and prior drug offender. On Count I, the court sentenced Mr. Reed to ten years' imprisonment with a 120 day call back pursuant to section 559.115 RSMo; on Count II to two days of imprisonment to run concurrently with Count I; and on Count III to a suspended sentence and two years of probation to run concurrently with Count I.

In exchange for a possible reduction of his sentence, Mr. Reed agreed to enter a drug rehabilitation program and to waive his right to appeal and his rights to post-conviction relief. On July 28, 1995, pursuant to this agreement, the trial judge granted Mr. Reed two years of probation on Count I as authorized by section 559.115 RSMo. Mr. Reed subsequently violated his probation and on November 20, 1995, the ten year sentence on Count I was ordered to be executed. In addition, the court revoked Mr. Reed's probation on Count III and sentenced him to twelve years of imprisonment on that count to be served concurrently with the sentence in Count I.

Mr. Reed thereafter filed a Motion for Reduction of Sentence pursuant to section 558.046 RSMo 1994. The motion court denied the motion, and Mr. Reed now appeals from the denial. We dismiss the appeal.

Although the right to appeal is a valuable right, a defendant in a criminal case may voluntarily waive this right. *State v. Phason*, 406 S.W.2d 671, 673 (Mo.1966). "A defendant waives his right to appeal where the intention to voluntarily waive appears in the record." *State v. Edwards*, 785 S.W.2d 703, 705 (Mo.App. E.D.1990). "When a defendant agrees to waive his right to file a motion for new trial and appeal in exchange for a reduced sentence and then receives the 'benefit of the bargain,' an appellate court will not hesitate in holding the defendant to his part of the bargain." *State v. Valdez*, 851 S.W.2d 20, 22 (Mo.App. W.D.1993).

At the sentencing hearing the court offered Mr. Reed three options. The first option was to sentence Mr. Reed on both

felonies to concurrent twelve year terms of imprisonment. The court stated that this option would allow Mr. Reed to retain his right to appeal and his right to post-conviction relief under Rule 29.15. The second option was a reduction of the twelve year term to concurrent eight year terms on both felonies provided that Mr. Reed waive his right to appeal and his rights under Rule 29.15.

The third option, which Mr. Reed ultimately accepted, was to sentence Mr. Reed to ten years' imprisonment on Count I with a 120 day recall option and to suspend the imposition of sentence on Count III. The court stated that Mr. Reed could receive probation on Count I pending successful completion of a drug rehabilitation program. The court also stated that if probation was granted and later violated, it would have the power to revoke probation on Count III and enter a sentence of up to twenty years' imprisonment in addition to the balance of the ten year sentence on Count I. The third option also required Mr. Reed to waive his right to appeal and his rights under Rule 29.15.

The court then informed Mr. Reed of his rights to post-conviction relief under Rule 29.15. The court also reiterated that if he chose to enter the drug rehabilitation program as provided in the third alternative, he must agree to waive his rights to post-conviction relief as well as his right to appeal.

Following that explanation this exchange occurred:

THE COURT: Mr. Reed, do you know which of those three options you believe to be in you best interest?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And which option is that?

THE DEFENDANT: The drug rehabilitation program.

* * *

THE COURT: And you understand that in order to take that option it involves waiving your right to appeal and waiving you rights under Missouri Supreme Court Rule 29.15. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

* * *

THE COURT: Are you willing to give up those rights in exchange for that option?

THE DEFENDANT: Oh, yes, sir.

THE COURT: And that option again is for a sentence lesser than the twelve years that I was originally going to give you and also for the extra opportunity to show me that probation is warranted within 120 days. Is that correct?

THE DEFENDANT: Yes, sir.

■ The sentencing record speaks for itself. The court clearly explained to Mr. Reed the sentencing options, right to appeal, and rights to post-conviction relief. The record plainly shows that Mr. Reed voluntarily, knowingly, and intelligently waived these rights in exchange for an opportunity to enter a drug rehabilitation program. Because Mr. Reed received "the benefit of the bargain," this court will hold him to his end of the bargain. *State v. Valdez*, 851 S.W.2d at 22.

In any event, this court has recently held that the denial of a motion for reduction in sentence is non-appealable because "[i]t is a privilege which may be granted or withheld in the discretion of the sentencing court, not a matter of right." *State v. Stout*, 960 S.W.2d 535, 537 (Mo.App. E.D.1998).

Appeal dismissed.

CRANE, P.J. and RHODES RUSSELL, J., concur.