STATE of Missouri, Respondent,

v.

John H. GREEN, Appellant.

No. 26967.

Missouri Court of Appeals, Southern District, Division Two.

April 21, 2006.

Amy M. Bartholow, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., & Linda Lemke, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

John H. Green ("Defendant") appeals his conviction following a jury trial for one count of the Class B felony of possession of marijuana with intent to distribute, a violation of section 195.211.[1] The trial court sentenced Defendant to ten years imprisonment. We conclude that Defendant has executed a valid waiver of his right to appeal and to post-conviction relief and we dismiss the appeal for reasons cited below.

Defendant was charged by amended information, as a prior and persistent offender, with possession of marijuana with intent to distribute. On March 2, 2004, Defendant was tried and convicted by a jury. Defendant, as a prior and persistent offender, faced punishment ranging from ten to thirty years or life imprisonment. § 558.016.

On May 12, 2004, the parties appeared before the trial court and the State announced that Defendant had agreed to waive his rights to appeal and post-conviction relief, in exchange for the State's recommendation that Defendant be sentenced to the minimum of ten years. Sentencing was continued to May 26, 2004, so that Defendant's eligibility for a long-term drug treatment program could be determined.

At the final sentencing hearing, Defendant waived his right to appeal and to post-conviction relief, in exchange for the State's recommendation of the minimum of ten years imprisonment. The trial court sentenced Defendant to ten years imprisonment, consistent with the State's recommendation. Notwithstanding the agreement, Defendant filed a motion for a special order allowing the late filing of a notice of appeal, which we granted. Defendant now contests the sufficiency of the evidence to support his conviction.

In his sole point on appeal, Defendant maintains the evidence was insufficient to establish beyond a reasonable doubt that he knew of or exercised control over marijuana found at 306 East Cleveland in Malden, Missouri.[2]

---

1. Statutory references are to RSMo 2000, unless otherwise specified.

2. To convict Defendant of possession of marijuana with intent to distribute, in violation of section 195.211, the State was required to prove: (1) conscious and intentional possession of the marijuana, either actually or constructively; (2) awareness of the presence and nature of the substance; and (3) intent to distribute it. *See State v. Sanderson*, 169 S.W.3d 158, 164 (Mo.App.2005). Possession and knowledge can both be proven through circumstantial evidence. *Id.*

When reviewing the sufficiency of the evidence to support a criminal conviction, we must determine whether there is substantial evidence from which a reasonable juror might conclude that the defendant is guilty beyond a reasonable doubt. *Id.* at 160. However, where a defendant has voluntarily waived his right to appellate review, we are precluded from reviewing the merits of his appeal.

The right of appeal, although a valuable one, may be voluntarily waived by a criminal defendant. *State v. Reed*, 968 S.W.2d 246, 247 (Mo.App.1998) (citing *State v. Phason*, 406 S.W.2d 671, 673 (Mo. 1966)). We will not deem that right waived "unless the record, the acts of defendant and all the circumstances are inconsistent with any other interpretation." *Edwards v. State*, 569 S.W.2d 779, 780 (Mo.App.1978). "We do not hesitate, however, to hold a defendant waives his right to appeal where the intention to voluntarily waive appears in the record." *Id.* "When a defendant agrees to waive his right to file a motion for new trial and appeal in exchange for a reduced sentence and then receives the 'benefit of the bargain,' an appellate court will not hesitate in holding the defendant to his part of the bargain." *State v. Valdez*, 851 S.W.2d 20, 22 (Mo.App.1993).

The record developed at the sentencing hearing conclusively establishes Defendant's voluntary waiver of his appeal:

> Prosecutor: Your Honor, at this stage, the State has agreed to make a recommendation; in exchange for that recommendation, the Defendant has agreed to waive all appeal and post-conviction rights.
>
> The Court: Is that your understanding ...?
>
> Defense Counsel: Yes, Your Honor....
>
> \* \* \*
>
> The Court: And Mr. Green, is that your understanding as well of the agreement between you and the State?
>
> The Defendant: Yes, sir.

After the State recommended to the trial court that Defendant be sentenced to ten years, Defendant's counsel then reiterated that "[i]n exchange for the State's recommendation of the minimum ten years, [Defendant] has indicated his waiver of his new trial motion or withdrawal of that motion and waiver of his post-conviction or appellate rights." After sentencing Defendant to ten years, the trial court asked Defendant whether he was satisfied with his attorney's representation, to which he replied, "Yes."

The trial court then explained to Defendant his rights under Rules 24.035 and 29.15 despite its recognition that Defendant had "waived and agreed to waive [his] rights to file and pursue any motion pursuant to [those rules] or any appeal."

Saliently, Defendant fails to address the waiver of his right to appeal in his brief. Nonetheless, the record clearly shows that Defendant voluntarily waived those rights in exchange for the State's recommendation that he receive the minimum sentence under the charged offense.

"[Defendant] received 'the benefit of his bargain,' [and] this [C]ourt will hold him to his end of the bargain." *Reed*, 968 S.W.2d at 248 (quoting *Valdez*, 851 S.W.2d at 22). Because "the record, the acts of [D]efendant and all the circumstances are inconsistent with any other interpretation," we deem that Defendant's right to appeal his conviction has been waived. *Edwards v. State*, 569 S.W.2d at 780. Defendant's voluntary waiver precludes this Court from reviewing the merits of his appeal. *Edwards*, 785 S.W.2d at 705. Appeal dismissed.

SHRUM, P.J., and GARRISON, J., concur.

*State v. Edwards*, 785 S.W.2d 703, 705 (Mo.    App.1990).