STATE of Missouri,
Plaintiff/Respondent,

v.

David C. SANNING,
Defendant/Appellant.

No. ED 90641.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 18, 2008.

Irene Karns, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James B. Farnsworth, Asst. Atty. Gen., Jefferson City, for Respondent.

## OPINION

MARY K. HOFF, Judge.

David C. Sanning (Defendant) appeals from a judgment of conviction claiming that the State failed to present sufficient evidence to make a submissible case on the charge of failure to appear for confinement, in violation of Section 575.220[1]. However, because Defendant voluntarily, knowingly, and intelligently waived his rights to file a direct appeal in exchange for the State's recommendation of a two-year sentence, which was the sentence imposed, Defendant received "the benefit of the bargain," and this Court is precluded from reviewing the merits of Defendant's appeal. We dismiss the appeal.

### Factual and Procedural Background

Defendant was convicted of a total of fourteen counts of passing bad checks and eleven counts of forgery. The trial court imposed sentences of three years' imprisonment for each of the bad check convictions and seven years for each of the forgery convictions but suspended execution of the sentences and placed Defendant on "one probation for all of those matters."

Several months later, Defendant was taken into custody for violating his probation. After a hearing on the violation, the trial court revoked Defendant's probation and executed all of the previously suspended sentences. After his sentences were executed, Defendant requested a seven-day furlough to address some unfinished personal business before entering the Missouri Department of Corrections (MDOC). The trial court granted Defendant's request on the condition that Defendant would report back to the local sheriff's custody on July 14, 2006, at 8:00 a.m., at which point Defendant would be transported to the MDOC. The judge remanded Defendant to the local sheriff's custody following the hearing so the necessary paperwork for Defendant's entry into the MDOC could be processed prior to his furlough.

On July 14, Defendant failed to report to the booking facility for transportation to the MDOC. The officer to whom Defendant was to report delayed the bus for ninety minutes and waited for Defendant, but he did not appear until several hours later.

Defendant was subsequently charged as a prior and persistent offender with failure to appear for confinement, in violation of Section 575.220. After a jury trial, Defendant was found guilty, and he filed a Motion for New Trial. Later, at sentencing, Defendant withdrew his Motion for New Trial and waived his right to file either a direct appeal or a motion for postconviction relief in exchange for the State's sentencing recommendation of two years' imprisonment, with credit for time Defendant had already served awaiting disposition of his current case, to be served consecutively to the sentences Defendant was serving for the bad check and forgery convictions. The trial court sentenced Defendant in accord with the State's recommendation. Notwithstanding his agreement to waive appeal, Defendant subsequently filed motion for leave to file a late notice of appeal.

1. All statutory references are to RSMo 2000, unless otherwise indicated.

*Discussion*

■ Defendant presents two points on appeal challenging the sufficiency of the evidence to support his conviction for failing to return to confinement. However, we are precluded from reviewing the merits of Defendant's points on appeal because Defendant waived his rights to file a direct appeal for the State's sentencing recommendation, which was the sentence Defendant received.

■ Although the right to appeal is a valuable right, it is well settled that a criminal defendant may voluntarily withdraw his motion for new trial and waive his right to appeal. *State v. Green,* 189 S.W.3d 655, 657 (Mo.App. S.D.2006); *State v. Reed,* 968 S.W.2d 246, 247 (Mo.App. E.D.1998); *State v. Valdez,* 851 S.W.2d 20, 21–22 (Mo.App. W.D.1993). We will conclude that a defendant has waived his right to appeal where his intention to voluntarily waive appears in the record. *Green,* 189 S.W.3d at 657; *Reed,* 968 S.W.2d at 247. Furthermore, when the defendant agrees to waive his right to appeal in exchange for a reduced sentence, then receives the "benefit of the bargain," the appellate court will not hesitate to hold the defendant to his part of the bargain. *Green,* 189 S.W.3d at 657; *Reed,* 968 S.W.2d at 247.

Here, the record of the sentencing hearing reveals that Defendant voluntarily waived his right to appeal in exchange for the State's recommendation that he receive the minimum sentence for his conviction:

> [DEFENSE COUNSEL]: Judge, we had filed a motion for new trial, and I believe we've reached an agreement with the State as far as sentencing. And if the Court approves the agreement, what we would suggest is that the Defendant receive a two-year sentence in the [MDOC], and consecutive to the [sentences for the bad check and forgery convictions].
>
> . . .
>
> [PROSECUTOR]: I guess, Judge, my question is, then, before we proceed any further, I guess I want to know from [Defendant] is this what he wants to do. Because if he's not agreeing to waive the motion for new trial, agreeing to waive—
>
> THE COURT: Right.
>
> [PROSECUTOR]:—appeal in this matter, then the State has other recommendations and arguments they want to—it wants to make towards sentencing.
>
> THE COURT: [Defendant], is it your desire to agree to a two-year sentence with the State, and in light of that agreement, give up your right to appeal or any postconviction relief that you have under the law if you were to proceed with sentencing in the normal fashion today? Which would mean the prosecutor could argue for any punishment permitted within the range of punishment allowed under the law and your attorney could argue for anything you wanted to argue for, probation or whatever, but you would have no guarantees as to what your sentence would be.
>
> . . .
>
> [DEFENDANT]: I take it you don't have two years in mind at formal sentencing.
>
> [PROSECUTOR]: That's probably a fair assessment, because when I offered you three years prior to trial and then you went to a jury trial in this thing, you can almost rest assured—
>
> . . .
>
> [DEFENDANT]: No, I'm going to take the two years.
>
> THE COURT: Okay.

[DEFENSE COUNSEL]: Judge, in light of [Defendant's] decision we would withdraw the motion for new trial—

THE COURT: Okay.

[DEFENSE COUNSEL]:—and request that the Court sentence [Defendant] to a two-year sentence consecutive to the [sentences for the bad check and forgery convictions].

THE COURT: Okay.

[DEFENSE COUNSEL]: And then he would waive his right to appeal in exchange for the consideration of having what is the minimum [MDOC] sentence.

The trial court subsequently accepted the State's sentencing recommendation and sentenced Defendant accordingly. The trial court then asked whether Defendant was waiving his right to file a motion for post-conviction relief, to which Defendant replied, "Yes." Nonetheless, at the prosecutor's request, the trial court informed Defendant of his post-conviction rights and explained the procedure for filing such motions. Defendant responded that he understood the rights he was waiving and that he was satisfied with his attorney's representation.

In this case, the record clearly shows that at sentencing Defendant waived his right to file a direct appeal in exchange for the State's recommendation of a two-year sentence and that Defendant's waiver was made voluntarily, knowingly, and intelligently after he was informed of and testified he understood the rights he was relinquishing. *Green*, 189 S.W.3d at 657; *Reed*, 968 S.W.2d at 247. Accordingly, we do not hesitate to hold Defendant to his end of the bargain. *Green*, 189 S.W.3d at 657; *Reed*, 968 S.W.2d at 247.

*Conclusion*

Appeal dismissed.

BOOKER T. SHAW, Presiding Judge and KATHIANNE KNAUP CRANE, Judge, concur.