Clarence BURGESS, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 91571.

Supreme Court of Missouri,
En Banc.

July 19, 2011.

Timothy J. Forneris, Public Defender's Office, St. Louis, for Burgess.

Jayne T. Woods, Attorney General's Office, Jefferson City, for the State.

ZEL M. FISCHER, Judge.

Clarence Burgess entered an *Alford*[1] plea to the charge of discharging a firearm at a building, § 571.030, RSMo Supp.2006. Burgess waived his right to file any future post-conviction relief under Rule 24.035, and the State recommended a 15–year sentence with a suspended execution of the sentence and a five-year probationary term. The circuit court rendered a judgment and sentence approving the plea agreement. Burgess subsequently violated the terms of his probation, his probation was revoked, and his 15–year sentence was ordered executed. Thereafter, Burgess filed a Rule 24.035 motion for post-conviction relief, alleging that defense counsel was ineffective and challenging the circuit court's denial of his application for change of judge. The State filed a motion to dismiss, which the circuit court sustained without findings of fact or conclusions of law. The court of appeals transferred the case to this Court pursuant to Rule 83.02. The circuit court correctly overruled Burgess' application for change of judge, but failed to enter findings of fact and conclusions of law on Burgess' Rule 24.035 motion. The judgment is reversed, and the case is remanded.

### Facts

Burgess was charged with discharging a firearm at a building, § 571.030, RSMo Supp.2006. He subsequently entered an *Alford* plea to the charge. In exchange for his plea and the waiver of his right to

file any future post-conviction relief under Rule 24.035, the State recommended a 15–year sentence with a suspended execution of the sentence and a five-year probationary term.[2]

At the plea hearing, the circuit court questioned Burgess extensively to determine whether his plea was knowing, voluntary, and intelligent. In response to questions from the circuit court, Burgess denied being under the influence of drugs or alcohol and denied having a history of mental illness, seeing a psychiatrist, or being committed due to a mental disease or defect. Burgess also affirmed that his attorney explained the facts and circumstances of the crime for which he was charged, the nature of the charge, and the elements of the crime. The court then asked him questions regarding the *Alford* plea, including whether it was his desire to enter an *Alford* plea because if the case were to proceed to trial there was a substantial likelihood he would be found guilty, whether he and his attorney had thoroughly discussed the *Alford* plea, and whether he understood that an *Alford* plea has the same consequences as a guilty plea. Burgess responded "yes" to all these questions. In response to questions, Burgess also said he understood the range of punishment and the recommended punishment pursuant to his plea agreement.

The circuit court then asked numerous questions to assess the voluntariness of Burgess' guilty plea. In response to the court's questions, Burgess denied that anyone made promises or threats to him or his family to induce the plea. He stated that his attorney complied with all of his re-

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. The crime of discharging a firearm at a building has a mandatory 15–year sentence. Section 571.030.8; section 558.011, RSMo Supp.2006.

quests, answered all of his questions, gave him sufficient time to discuss his case and did everything he asked in his case. He said that he was fully advised by his attorney as to all aspects of the case, and that he believed his attorney adequately, completely, and effectively represented him. In response to numerous questions about his waiver of the right to a jury trial, Burgess affirmed that he understood that he was waiving his right to a jury, to present witnesses and evidence in his defense, and to appeal. Burgess said he was entering his *Alford* plea "voluntarily and of [his] own free will."

The circuit court additionally and specifically addressed the waiver of Burgess' right to seek post-conviction relief under Rule 24.035. Burgess, along with defense counsel and the prosecuting attorney, had signed a document titled "Waiver of Right to Proceed under Rule 24.035 for Post Conviction Relief." This document fully advised Burgess of his rights pursuant to Rule 24.035. The waiver document included the following language:

> Defendant understands that [a Rule 24.035] motion could be filed after judgment or sentence to seek relief from claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of:
> 1. Ineffective assistance of trial and appellate counsel[;]
> 2. The Court imposing the sentence was without jurisdiction to do so; or
> 3. The sentence imposed was in excess of the maximum sentence authorized by law.

This waiver contained an acknowledgement by Burgess that he was "aware that

relief under Rule 24.035 is the exclusive procedure by which defendant could seek relief for any of the above claims." By signing the waiver, Burgess agreed to waive "the right to file any such motion in return for the State's agreement to recommend a specific sentence to the Court, or for such other agreements on behalf of the State." He also agreed that "this waiver [was] made knowingly, voluntarily, and intelligently, with a full understanding of the above rights." Burgess acknowledged to the circuit court that he had read, understood, and signed the waiver document. Defense counsel confirmed that the waiver of Burgess' right to seek post-conviction relief under Rule 24.035 was part of the plea agreement. Burgess received the benefit of this plea agreement, as he was placed on probation.

Burgess violated the terms of his probation, his probation subsequently was revoked, and the circuit court executed his 15–year sentence.[3] Thereafter, Burgess filed a *pro se* Rule 24.035 motion for post-conviction relief. The circuit court appointed motion counsel, who filed an amended motion. The motion alleged that defense counsel was ineffective because she pressured him to accept the guilty plea and that defense counsel had a conflict of interest in advising him to waive his post-conviction rights and, therefore, that the waiver of his right to seek relief under Rule 24.035 was unknowing, unintelligent, and involuntary.

Burgess also filed an application for a change of judge, alleging the judge could not be fair and impartial to him after certifying him as an adult[4] and accepting the waiver of his post-conviction rights.

---

3. A 15–year sentence was the mandatory sentence based on the factual basis and the crime charged. Sections 571.030.1(9); 571.030.8(1); 558.011.1(2), RSMo Supp.2006.

4. Burgess was a juvenile at the time of the offense.

The circuit court denied the application for a change of judge.

The State filed a motion to dismiss the Rule 24.035 motion based on Burgess' prior waiver contained in the written plea agreement and waiver of rights. The circuit court sustained the motion to dismiss without making any findings of fact or conclusions of law. Burgess appealed, and the court of appeals transferred the case to this Court pursuant to Rule 83.02.

## Analysis

### Change of Judge

A denial of an application for change of judge is reviewed for abuse of discretion. *Smulls v. State*, 10 S.W.3d 497, 504 (Mo. banc 2000). Burgess contends the circuit court abused its discretion in denying his request for a change of judge. He asserts that because the circuit court judge previously certified him as an adult in this case and accepted the waiver of his post-convictions rights, the judge had prejudged the issue of ineffective assistance of plea counsel and could not be impartial in the case.

Rule 51.05, governing the procedure for change of judge, does not apply in a Rule 24.035 proceeding; however, due process concerns allow a movant to disqualify a judge on the grounds that the judge is biased and prejudiced against the movant. *Thomas v. State*, 808 S.W.2d 364, 367 (Mo. banc 1991); *Haynes v. State*, 937 S.W.2d 199, 202 (Mo. banc 1996). A "disqualifying bias or prejudice must be one

emanating from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learns from participation in the case." *Haynes*, 937 S.W.2d at 202. "There is a presumption that a judge acts with honesty and integrity and will not preside over a trial in which he or she cannot be impartial." *Worthington v. State*, 166 S.W.3d 566, 579 (Mo. banc 2005). Burgess' application failed to allege the existence of any extrajudicial source of disqualifying prejudice; therefore, the circuit court did not abuse its discretion in denying the application for change of judge.[5]

### Waiver of Rule 24.035 Post–Conviction Relief

Rule 24.035(h) requires the circuit court to make findings of fact and conclusions of law even if the circuit court determines that the motion, files, and records of the case conclusively show that the movant is not entitled to relief. Rule 24.035(j) reiterates this requirement by stating "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."

Most recently, in *Belcher v. State*, this Court held:

A mere recital or statement that the motion, files and records conclusively show that movant is entitled to no relief will not constitute compliance with [the post-conviction motion rule]. Nor will findings and conclusions be supplied by implication for the trial court's ruling. The findings of fact and conclusions of

5. In this case, Burgess does not allege an extrajudicial source giving rise to the appearance of impropriety. Rather, he relies on the language in the Code of Judicial Conduct, specifically Canon 3E, which provides that "[a] judge shall recuse in a proceeding in which the judge's impartiality might reasonably be questioned." Rule 2.03, Canon 3E(1). His reliance on Canon 3E is misplaced. In

*Haynes*, this Court rejected this same interpretation of Canon 3E. 937 S.W.2d at 204. The Court in *Haynes* found the " 'might reasonably be questioned' standard" "unworkable" because the "standard, without factual context, is subjective, leaving appellate courts at liberty to find a disqualifying bias from any hostile word, a maximum prison sentence or even an adverse discretionary ruling." *Id.*

law must be sufficiently specific to allow meaningful appellate review. Where the motion court determines a ground for relief is refuted by the files and records, the court should identify the portion of the file or record that does so.

299 S.W.3d 294, 296 (Mo. banc 2009) (internal citations omitted).

## Conclusion

Because findings of fact and conclusions of law are required,[6] the judgment is reversed and the case is remanded.[7]

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, STITH and PRICE, JJ., concur.

WOLFF, J., concurs in separate opinion filed.

RUSSELL and STITH, JJ. concur in opinion of WOLFF, J.

MICHAEL A. WOLFF, Judge, concurring.

I concur in the principal opinion but write separately to point out that the findings of fact and conclusions of law to be made in the circuit court on remand should include findings as to whether defense counsel or the prosecutor went beyond the

limits set forth in Formal Opinion 126 of the Advisory Committee of this Court. Specifically, the factual record should address these questions:

1) Whether defense counsel advised his client, Clarence Burgess, to waive the client's right to seek post-conviction relief based on ineffective assistance of defense counsel; and

2) Whether the prosecuting attorney required that Burgess waive all rights under Rule 24.035 when entering into this plea agreement.

Formal Opinion 126, interpreting Rules 4–1.7, 4–3.8 and 4–8.4 of the Rules of Professional Conduct, reads as follows:

### WAIVER OF POST–CONVICTION RELIEF

We have been asked whether it is permissible for defense counsel in a criminal case to advise the defendant regarding waiver of the right to seek post-conviction relief under Rule 24.035, including claims of ineffective assistance by defense counsel. We understand that some prosecuting attorneys have expressed intent to require such a waiver as part of a plea agreement.

It is not permissible for defense counsel to advise the defendant regarding

---

6. Rule 24.035(j) requires findings of fact and conclusions of law for the issues presented. The concurring opinion suggests that on remand the findings of fact and conclusions of law "should include findings as to whether defense counsel or the prosecutor went beyond the limits set forth in Formal Opinion 126." Op. at 329. The concurring opinion additionally makes the blanket statement "[f]ormal opinions are binding on attorneys." Op. at 330. The binding effect of a formal opinion is limited to disciplinary proceedings that occur after the formal opinion is issued and, even then, is subject to review by this Court when petitioned by any member of the bar who is substantially and individually aggrieved by the opinion.

Formal Opinion 126 expressly stated that analysis of whether a waiver of post-conviction rights would violate the Constitution or other laws was beyond the scope of the opinion. More important and relevant to the resolution of this case is the fact that Formal Opinion 126 was published in May 2009, more than a year *after* Burgess entered his waiver in April 2008.

7. Until the circuit court enters findings of fact and conclusions of law that the waiver was properly entered, the waiver's effectiveness is unknown. In this case, the circuit court dismissed the post-conviction motion without any findings of fact or conclusions of law, as to whether the waiver was knowingly and voluntarily made.

waiver of claims of ineffective assistance of counsel by defense counsel. Providing such advice would violate Rule 4–1.7(a)(2) because there is a significant risk that the representation of the client would be materially limited by the personal interest of defense counsel. Defense counsel is not a party to the post-conviction relief proceeding but defense counsel certainly has a personal interest related to the potential for a claim that defense counsel provided ineffective assistance to the defendant. It is not reasonable to believe that defense counsel will be able to provide competent and diligent representation to the defendant regarding the effectiveness of defense counsel's representation of the defendant. Therefore, under Rule 4–1.7(b)(1), this conflict is not waivable.

We have also been asked whether it is permissible for a prosecuting attorney to require waiver of all rights under Rule 24.035 when entering into a plea agreement. We believe that it is inconsistent with the prosecutor's duties as a minister of justice and the duty to refrain from conduct prejudicial to the administration of justice for a prosecutor to seek a waiver of post-conviction rights based on ineffective assistance of counsel or prosecutorial misconduct. See, Rules 4–3.8 and 8.4(d).

We note that at least three other states have issued opinions consistent with our view.[1]

We do not believe the Rules of Professional Conduct prohibit a defense counsel and prosecutor from entering into a plea agreement that involves waiver of other post-conviction rights, unless such a waiver violates the Constitution or other laws. Analysis of whether it would violate the Constitution or other laws is beyond the scope of this opinion.

Rule 5.30 authorizes the Advisory Committee to issue formal opinions and regulations about matters related to Rules 4, 5 and 6. Formal opinions are binding on attorneys. Rule 5.30(b) provides that "any member of the bar who is substantially and individually aggrieved by any formal opinion of the advisory committee may petition this Court for review of the opinion." When a review is requested, "This Court in its discretion may direct that the petition be briefed and argued as though a petition for an original remedial writ has been sustained, may sustain, modify or vacate the opinion, or may dismiss the petition." Informal opinions, by contrast, "are not binding." Rule 5.30(c).

The question of whether the ethical standards set forth in Formal Opinion 126 have been violated may go to the merits of Burgess' post-conviction motion.

---

1. The North Carolina State Bar, RPC 129, January 15, 1993; Board of Professional Responsibility of the Supreme Court of Tennessee Advisory Ethics Opinion 94-A-549, November 30, 1994; Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio, Opinion 2001–6, December 7, 2001.