**Kimberly DUNKIN, Appellant,**

v.

**STATE of Missouri, Respondent.**
**No. WD 72817.**

Missouri Court of Appeals,
Western District.

Aug. 2, 2011.

told him my back hurt, but—

Ellen H. Flottman, Assistant State Public Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division IV: LISA WHITE HARDWICK, Chief Judge, Presiding, and JAMES EDWARD WELSH and MARK D. PFEIFFER, Judges.

MARK D. PFEIFFER, Judge.

Kimberly E. Dunkin appeals from the judgment of the Circuit Court of Moniteau County, Missouri ("motion court"), denying her amended Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Because we find that Dunkin's voluntary waiver of her right to seek post-conviction relief in return for a reduced sentence precluded review of the merits of her motion, we dismiss her appeal and remand this matter to the motion court with directions to vacate its judgment and to dismiss Dunkin's amended post-conviction Rule 29.15 motion.

## Facts and Procedural History

A jury convicted Dunkin of one count of murder in the first degree, § 565.020,[1] one count of assault in the first degree—serious physical injury, § 565.050, and two counts of armed criminal action, § 571.015. The jury assessed punishment of life imprisonment for assault in the first degree,[2] and fifty years imprisonment for each of the armed criminal action counts, sentences to be served concurrently. At the sentencing hearing, counsel for the State and Dunkin notified the sentencing court of their agreement that if Dunkin were sentenced to second-degree murder, rather than first-degree, with the other counts remaining exactly as the jury's verdict, Dunkin would be willing to waive all rights to appeal and all rights to any complaints with respect to counsel under Rule 29.15. Dunkin's counsel advised the court that

---

1. All statutory references are to the Revised Statutes of Missouri (2000). Murder in the first degree is a class A felony, and the punishment is either death or imprisonment for life without eligibility for probation or parole, or release. § 565.020.

2. Pursuant to section 558.019, for the purpose of determining the minimum prison term to be served by the offender before he or she is eligible for parole, conditional release, or other early release by the Department of Corrections, a sentence of life is calculated to be thirty years.

while he discussed with Dunkin waiver of her right to direct appeal, which she agreed to do, for ethical reasons he did not discuss with his client waiver of her right to file a Rule 29.15 post-conviction relief motion, especially as it may include ineffective assistance of counsel claims.[3] The sentencing court indicated that it understood Dunkin's counsel's position and that it would discuss the matter with Dunkin on the record.

Thereupon, Dunkin, being duly sworn, was examined by the sentencing court. Dunkin testified as to her understanding and agreement that if the court sentenced her on the first-degree murder count to murder in the second degree, with the other counts remaining exactly as the verdict of the jury, then she would waive all rights to appeal and all rights to file a motion pursuant to Rule 29.15—which the sentencing court explained to Dunkin was a motion to assert a claim that her trial counsel was ineffective for any reason. After having Rule 29.15 motions explained

to Dunkin, Dunkin acknowledged her understanding and agreement with the proposal submitted to the sentencing court. The sentencing court then reduced the sentence on Count I from murder in the first degree to murder in the second degree and sentenced Dunkin to life imprisonment; the court sentenced Dunkin on Count II, armed criminal action, to fifty years in the Department of Corrections; on Count III, assault in the first degree, to life imprisonment; on Count IV, armed criminal action, to fifty years in the Department of Corrections; all terms to run concurrently.

While Dunkin did not file a direct appeal, notwithstanding the agreement, Dunkin filed a motion for post-conviction relief pursuant to Rule 29.15. Counsel was appointed and filed an amended motion, alleging that trial counsel was ineffective for failing to request that the jury be instructed on the lesser included offense of voluntary manslaughter. The motion court issued its Findings and Judgment, denying

---

3. As the State points out, the issue of whether trial counsel can ethically advise a defendant to waive his or her right to seek post-conviction relief in exchange for a reduced sentence is an issue that has been presented to the Missouri Supreme Court in two cases: *Burgess v. State*, 342 S.W.3d 325 (Mo. banc 2011), and *Krupp v. State*, SC91613.

Burgess appealed from the dismissal of his Rule 24.035 motion for post-conviction relief based on his waiver of his right to seek post-conviction relief as part of his plea agreement. *Burgess v. State*, No. ED94641, 2011 WL 601315, at *1 (Mo.App. E.D. Feb.22, 2011). Burgess argued that his waiver of his post-conviction relief right was invalid due to plea counsel's conflict of interest, citing the Advisory Committee of the Missouri Supreme Court's Formal Opinion 126, issued May 19, 2009, dealing with the subject of waiver of post-conviction relief. *Id.* at *3. The Missouri Supreme Court did not decide this ethical issue in its recent opinion and, instead, remanded the case back to the motion court for findings of fact and conclusions of law as

required by Rule 24.035(h). *Burgess*, 342 S.W.3d 325 at 328–29.

Similarly, Krupp appealed from the motion court's denial, without an evidentiary hearing, of his amended Rule 29.15 motion for post-conviction relief based on the waiver of his right to seek post-conviction relief as part of his plea agreement; however, the motion court gratuitously addressed the merits of Krupp's claim of ineffective assistance of counsel. *Krupp v. State*, No. ED95024, —— S.W.3d ——, 2011 WL 795752, at *1, *4–*6 (Mo.App. E.D. Mar.8, 2011). Like Burgess, Krupp argued that his waiver was not knowing and intelligent because trial counsel could not ethically advise him to waive any post-conviction rights based on Formal Opinion 126. *Id.* at ——, 2011 WL 795752, at *6. The Missouri Supreme Court has not yet issued its opinion in *Krupp*.

Nonetheless, for our purposes, the ethical issue raised in *Burgess* and *Krupp* is not present in this case, as Dunkin's counsel did *not* provide counsel and advice to Dunkin recommending that she agree to waive her right to seek post-conviction relief.

Dunkin's motion for post-conviction relief without an evidentiary hearing. Dunkin appeals.

## Analysis

■■■ We find the State's argument that Dunkin knowingly and voluntarily waived her right to seek post-conviction relief to be dispositive and, therefore, do not reach the merits of Dunkin's appeal. "A movant can waive [her] right to seek post-conviction relief in return for a reduced sentence if the record clearly demonstrates that the movant was properly informed of [her] rights and that the waiver was made knowingly, voluntarily, and intelligently." *Jackson v. State*, 241 S.W.3d 831, 833 (Mo.App. E.D.2007) (citing *State v. Valdez*, 851 S.W.2d 20, 21–22 (Mo. App. W.D.1993)); *see also State v. Harmon*, 243 S.W.2d 326, 328, 330 (Mo.1951) ("A defendant in a criminal case may expressly or by acts and conduct waive statutory and constitutional provisions conferred for his protection." "An appellate court ... should have no hesitation in holding that a defendant waives [her] right to appeal or to urge alleged error on appeal where the intention to so waive clearly appears from the record."); *State v. Sanning*, 271 S.W.3d 56, 58 (Mo.App. E.D. 2008) ("Furthermore, when the defendant agrees to waive [her] right to appeal in exchange for a reduced sentence, then receives the 'benefit of the bargain,' the appellate court will not hesitate to hold the defendant to [her] part of the bargain."); *State v. Green*, 189 S.W.3d 655, 657 (Mo.

App. S.D.2006) ("Defendant's voluntary waiver precludes the Court from reviewing the merits of [her] appeal.").

At the sentencing hearing, the sentencing court specifically questioned Dunkin under oath regarding her understanding of her waiver of both her right to appeal the verdicts rendered against her and her right to post-conviction relief, in return for a reduction in her sentence on Count I from murder in the first degree to murder in the second degree, with the other sentences being the same as the jury returned. Dunkin confirmed that she was "tak[ing] the second degree murder" freely and voluntarily; that no one induced her to make the agreement; and that by making the agreement, she could not pursue any action seeking relief on the basis that her attorney did not effectively represent her at trial. The sentencing court engaged Dunkin in sworn testimony before considering the sentencing agreement between the parties. The sentencing court was not satisfied with a bald assertion by Dunkin that she understood that she was waiving all "post-conviction remedies" pursuant to Rule 29.15. Instead, the sentencing court took the time to explain to Dunkin what "ineffective assistance of counsel" was, and Dunkin acknowledged an understanding of the specific right that she was giving up in exchange for the sentencing agreement with the State—the benefit of which Dunkin received in her sentence by the sentencing court.[4]

On appeal, Dunkin does not challenge the validity of her waiver.[5] Indeed, Dun-

4. Dunkin ignores this fact and apparently operates under the assumption that she should receive the benefit of not being sentenced to death or life imprisonment without eligibility for probation or parole—a benefit that she received from the sentencing agreement that she now claims was "without legal effect"— but apparently Dunkin claims that the sentencing agreement is invalid only with regard to that part of the sentencing agreement plac-

ing a burden upon Dunkin (i.e. waiver of the very claim she is making on appeal). In other words, Dunkin wants to have her cake (i.e. reduced sentencing) and eat it, too (i.e. no waiver of her post-conviction remedies— even though that was the inducement for the sentencing agreement in the first place).

5. No issue was raised by Dunkin about the extent to which her counsel's limited withdrawal from her representation to avoid a

kin's appellate counsel states in appellate briefing to this court that "[w]hile [Dunkin] ostensibly waived her postconviction remedies at sentencing, she should not be held to that waiver, as any waiver of a collateral issue that can be raised in post-conviction is by its very nature unknowing." The problem with this argument is that it ignores established case precedent stating the opposite.

We find that the record before us clearly reflects that Dunkin knowingly, voluntarily, and intelligently waived her right to direct appeal and to seek post-conviction relief under Rule 29.15. At the sentencing hearing, Dunkin was questioned extensively by the trial court to ensure that she understood that she had a right to file a direct appeal from her convictions and sentences and that she also had a right to challenge the effectiveness of her attorney's representation at trial by filing a post-conviction motion. Dunkin acknowledged that she was waiving those rights in exchange for the reduction in sentence. Thus, the record clearly reflects that Dunkin understood the terms of the sentencing agreement and that she was informed of all of her rights to file a Rule 29.15 motion, the type of claims that could be made in such a Rule 29.15 motion, and the exclusivity of that procedure for making those claims. Dunkin's waiver was a legally valid waiver.

Dunkin received the benefit of the bargain she made with the State: a reduction in sentence from murder in the first degree, life without eligibility for probation, parole, or release; to murder in the second degree, life with eligibility for parole, conditional release, or other early release in thirty years. After receiving this benefit, however, she chose to violate the terms of the sentencing agreement and file a Rule 29.15 motion. Since Dunkin agreed to waive such rights and since her waiver was knowingly, intelligently, and voluntarily made, she cannot now seek to repudiate her burden under the sentencing agreement. *Valdez*, 851 S.W.2d at 22. Dunkin's voluntary waiver of her right to file a Rule 29.15 post-conviction relief motion precludes our review of her appeal of the merits of the motion court's denial of her Rule 29.15 motion. *Jackson*, 241 S.W.3d at 834.

## Conclusion

Because Dunkin voluntarily waived her right to seek post-conviction relief in return for a reduced sentence, we dismiss her appeal and remand this matter to the motion court with directions to vacate its judgment and to dismiss Dunkin's amended post-conviction Rule 29.15 motion.

LISA WHITE HARDWICK, Chief Judge, and JAMES EDWARD WELSH, Judge, concur.

conflict impacted Dunkin's knowing, voluntary, and intelligent waiver of her Rule 29.15 rights given she was thus effectively left without the assistance of counsel on that subject. We offer no opinion, therefore, about the propriety of resolving a conflict of interest via a limited withdrawal without affording a defendant the opportunity to secure separate counsel for commensurate limited representation.